## COOK AND WIFE *vs.* CATLIN AND OTHERS.

A testator, possessed only of personal property, bequeathed the residuum of his estate *to his heirs.* At the time of the execution of the will, and of his death, the only persons standing in that relation to him were the children of deceased brothers and sisters, and the representatives of such children. Held, that the nephews and nieces, under this bequest, took *per stirpes,* and not *per capita.*

In England, and in most of our sister states, under their statutes of distribution, nephews and nieces thus situated, take *per capita,* as next of kin in equal degree; but in this state, an early decision, giving a construction to our statute, and a long practice under it, have established a different rule.

THIS was an appeal by Randall Cook and Eliza his wife, from decrees of the court of probate for the district of Litch-

field, ordering a distribution of the estate of Abel Catlin, and accepting a distribution made under such order.

The facts were found by the superior court at its session for the county of Litchfield, in September, 1856, and the case reserved for the advice of this court.

Abel Catlin died, testate, in January, 1856, leaving no heirs except the children of deceased brothers and sisters, and the representatives of such children.   The will was executed on the 3d day of June, 1853, at which time the last survivor of his brothers and sisters had been dead more than ten years. By this will he gave one-half his property to his widow, certain legacies, amounting in all to $4,421, to certain of his nephews and nieces, and the remainder of his estate to his heirs; the language used by him in the last bequest being, " The remainder of my estate I give to my heirs."

The whole question in the case was whether the nephews and nieces, under this clause of the will, took *per stirpes* or *per capita.*   The distribution, under the order of the court of probate, had been made, as to them, *per capita.*   The said Eliza Cook was the only child of Truman Catlin, the brother of the testator.   By the distribution as made, her distributive share was but one-fifteenth of the residuum.   If she took *per stirpem,* she was entitled to one-fourth.   The whole estate, at the time of the execution of the will, and at the decease of the testator, consisted of personal property.

*Hollister* and *Graves,* for appellants.

1. By the term " my heirs," as expressed in the will, is meant the representatives of the testator's brothers and sisters of the whole blood and their legal representatives.   1 Sw. Dig., 115.   2 Bla. Com., 174, 175.

2. The heirs of the testator are those persons who would have inherited his estate had he died intestate, and the testator is to be presumed to have made his will with reference to the laws of descent where made.   Rev. Stat., (ed. 1849,) 357, 358.

3. In this case the testator, not having any children or their representatives, and his estate consisting wholly of per-

sonal property, bequeathed to his wife one-half thereof; precisely what our statute regulating the distribution of personal estate would have given her had he died intestate; and it may fairly be inferred that the testator had the provisions of our law in his mind, in making the residuary bequest, and intended to have the estate thereby given, distributed to his heirs according to its provisions. *Harrison* v. *Mixon*, 9 Pet., 483.

4. If the testator intended to give his estate in equal shares to his nephews and nieces and their legal representatives, he would undoubtedly have so expressed himself in his will; a doubtful implication is not enough. *Jackson* ex dem. *Bogart* v. *Schauber*, 7 Cow., 187. *Hayden* v. *Stoughton*, 5 Pick., 536.

5. The principle established by this court in the case of *Gold* et ux. v. *Judson*, 21 Conn. R., 616, is entirely decisive of this case. See also 1 Sw. Syst., 285, 293. 6 Conn. R., 34. 3 Pick., 363.

6. The meaning of the word " heirs," is to be determined by the law of Connecticut; and there is a material difference between our statute of distributions and that of England. The English statute uses the term " next of kin," while the language of our statute is, " brothers and sisters and those who legally represent them."

*Hubbard* and *Woodruff*, for appellees.

I. If the estate is to be distributed as intestate estate, it should be distributed equally to the nephews and nieces and those who represent them by virtue of the statute of distributions. The nephews and nieces take *per capita*, and not *per stirpes*, no brothers and sisters surviving; and claimants in equal degree take *per capita* under the statute.

Such is the rule under the English statute of distributions, 22 and 23 Car. 2. 2 Bla. Com., 517. Toller on Ex'rs, 383. 2 Kent Com., 425. 4 Kent Com., 391, 400. Reeve on Descents, 32, et seq.

So in New Hampshire, Vermont, Massachusetts, Rhode Island and New York. Reeve on Descents, 82, 99, 125.

The Connecticut statute of distributions is the same as the English statute, so far as relates to the appellant. Stat., ed. 1854, p. 500, § 49.

II. But the estate is not intestate, and should be distributed according to the intent of the testator as expressed in his will. This intent is to be gathered from the whole will; and the testator, we think, clearly intended an equal distribution.

1. The testator first made certain unequal and specific bequests to his nephews and nieces. So far as he intended they should take unequally, he thus made provision for it.

2. There is no reason for presuming that those in equal degree were not equally the objects of his affection and bounty, except so far as he himself has made a distinction ; none for presuming that the testator intended that the appellant should receive four times as much as either of his other nephews and nieces.

3. The natural import of the words used, gives the residuum to the claimants equally. The word "heirs" is *descriptio personarum*. The will is to be construed as if the testator had named each heir individually.

Legatees always take *per capita* unless there is something in the will indicating a different intention. *Collins* v. *Hoxie*, 9 Paige, 81. *Brinner* v. *Storm*, 1 Sanf. Ch., 357. *Ward* v. *Stow*, 2 Dev. Ch., 509. *Blackler* v. *Webb*, 2 P. Wms., 383. *Gold* v. *Judson*, 21 Conn. R., 616.

4. Those entitled to this estate claim in their own right, not by representation, and therefore take *per capita*. The bequest is not even to the children of the brothers and sisters of the testator, but directly to the heirs of the testator. The brothers and sisters of the testator had been long dead at the date of the will. The bequest was then understandingly made, and was intended to be made directly to the claimants. *Weld* v. *Bradbury*, 2 Vern., 705. *Knapp* v. *Windsor*, 6 Cush., 156. *Campbell* v. *Wiggins*, Rice Ch. R., 10. *Carrington* v. *Belt*, 6 Mumf., 374.

HINMAN, J. The testator by his will, after disposing of the bulk of his estate in making provision for his widow, and

in legacies to nephews and nieces, and others, gave the remainder to his heirs in these words : " The remainder I give to my heirs, excepting, however, that part of said remainder intended for Eliza Cook and Mary M'Call, I give and bequeath to Cyrus Catlin and Guy Catlin, in trust for the sole and separate use of said Eliza and Mary, during their respective lives, and then to be paid to their heirs at law."

The testator's only heirs were his nephews and nieces and their representatives, being the children and grandchildren of his three deceased brothers, and of a sister also deceased ; and the question is whether the nephews and nieces take equal shares *per capita*, or whether they take, by right of representation, the share a brother or sister of the deceased, whose children they are, and whom they therefore represent, would take if living.

There is no doubt that in England, and probably in most of the states, under their statutes of distribution, nephews and nieces thus situated, as next of kin, would all take equally *per capita*, being all in equal degree of relationship to the deceased. 2 W'ms on Ex., 1080, 1081. 1 Sw. Dig., 115.

But as our statute of distributions provides, in case there are no children or any legal representatives of them, that the residue of the estate not given to the wife, " shall be distributed and set off equally to the brothers and sisters of the intestate, of the whole blood, and those who legally represent them ;" and it is only after the failure of any representatives of brothers and sisters, of the whole or half blood, and where there are no parents to take, that the estate is given to the next of kin, in equal degree, it has been supposed that the legislature did not intend that nephews and nieces should, in any case, or under any circumstances, take as next of kin, but should take as representatives of their parents; and accordingly, as early as 1786, the superior court, in the case of *Kenedy* v. *Kenedy*, cited in 1 Sw. Dig., 115, and more fully reported in 1 Sw. Syst., 286, which is a case in all respects like this, decided that brothers' and sisters' children represent their parents, and take *per stirpes* the share their parents would take if living ; thus making the shares of the

nephews and nieces to vary according to the number of children of each brother or sister. And Judge Swift remarks that as the statute on the subject has been repeatedly revised without making any alteration since that decision, it' must be considered that this construction has received the sanction of the legislature. He also says, in his System, (vol. i., p. 288,) that " the decision of our courts is as correct as that of the English courts, and a more just and equitable construction of the statute." However this may be, it certainly ought to require the strongest reasons for disturbing an ancient decision, under which estates have been settled and distributed for so long a period. We are not satisfied that any such reasons exist; and we therefore advise the superior court to reverse the decrees of probate appealed from.

In this opinion STORRS, J. concurred. WAITE, C. J., was absent.

Decrees of probate to be reversed.