## Lewis Holbrook, Executor, *vs.* Stephen Harrington & others.

A residuary bequest by a widow, " to be equally divided between the heirs of my late husband and the heirs of my brothers and sisters," gives one half to the heirs of her husband, and the other half to the heirs of her brothers and sisters, the division to be made in each case not *per capita* but by right of representation.

Under a will bequeathing a sum of money to infants, " to be kept in the hands of a trustee and paid over to the legatees upon their reaching the age of twenty years," and appointing no trustee, the executor is bound to act as such trustee.

Bill in equity, in the nature of a bill of interpleader, filed by the plaintiff as executor of the will of Elizabeth Holbrook, to obtain the direction of the court as to the construction of these two articles in her will :

" Second. I give and bequeath to Eliza, Vernon Stiles and Lucy Ellen Cook, children of Lucy Cook, collectively, thirty dollars, to be kept in the hands of a trustee and paid over to them when they shall arrive at the ages of twenty years."

" Eighth. All the residue of my property of which I may be seised and possessed at the time of my death I will to be equally divided between the heirs of my late husband Stephen Holbrook,

and the heirs of my brothers and sisters, viz. Joseph Barnes, Peter Barnes, Nathaniel Barnes, Martha Clapp, Polly Laton, Lucy Ballard, Ann Wadsworth and Lovina Rice."

The bill alleged that the testatrix died without issue ; that her husband Stephen Holbrook had nine children by a former wife, of whom the plaintiff and six others were living; one grandson living, Josiah Holbrook, son of Josiah Holbrook, deceased before the date of the will; and one granddaughter living, Angeline E. Smith, daughter of William Holbrook, deceased after the date of the will but before the testatrix; that the brothers and sisters of the testatrix had all died before the date of the will, leaving many children and grandchildren, named in the bill; that Lucy Cook died before the will was made ; that of her three children, Eliza had reached the age of twenty years and the plaintiff had paid her ten dollars, Vernon Stiles had not reached the age of twenty and no trustee had been appointed for him, and Lucy Ellen died without issue, after the date of the will and before the death of the testatrix, and her share thereby lapsed. The bill prayed for a discovery, for the advice and direction of the court, and for the appointment of a trustee for Vernon Stiles Cook.

Answers were filed in behalf of several nephews and nieces of the testatrix, admitting the allegations in the bill, and claiming that the residuary bequest should be divided equally between the heirs of her husband and of her brothers and sisters *per capita.* The case was heard upon bill and answers.

*P. C. Bacon & W. F. Slocum,* for the plaintiff.

*W. T. Harlow,* for nephews and nieces of the testatrix.

Metcalf, J. The court are of opinion that, by the eighth clause in Mrs. Holbrook's will, one half of the property therein mentioned is given to the heirs of her deceased husband, Stephen Holbrook, and one half to the heirs of her brothers and sisters, and that the property given to both classes of heirs is to be divided among them, not *per capita,* but by right of representation. It happens, however, that as to the heirs of her husband the result of the division by right of representation will be the same as if it were made *per capita.* The half that

is given to those heirs is to be divided into nine equal parts, and one ninth is to be received by each of his seven children now alive, one ninth by his grandson, Josiah Holbrook, and one ninth by his granddaughter, Angeline E. Smith. Those persons who were Stephen Holbrook's heirs at the time of Mrs. Holbrook's decease are those to whom she gave one half of the residue of her property, and at that time his seven living children and two living grandchildren were his heirs. Rev. Sts. c. 61, § 1. *Daggett* v. *Slack,* 8 Met. 450. *Tillinghast* v. *Cook,* 9 Met. 148. *Childs* v. *Russell,* 11 Met. 16, 23. *Cook* v. *Catlin,* 25 Conn. 387. In the first of these cases the law was thus stated by Chief Justice Shaw: " A devise to ' heirs,' whether it be to one's own heirs or to the heirs of a third person, designates not only the persons who are to take, but also the manner and proportions in which they are to take ; and when there are no words to control the presumption of the will of the testator, the law presumes his intention to be that they shall take as heirs would take by the rules of descent."

If Stephen Holbrook's son William had died without issue, after the will was made, the half that was given by the will to the heirs of Stephen Holbrook would have been divided into eight parts only, namely, one eighth to his living children, and the other eighth to Josiah his grandson, who was one of his heirs, as well at the time of Mrs. Holbrook's decease as at the time when her will was made. For, when devises are made or legacies given to a class, as in this case, there is no lapse by reason of the death of either individual of the class, before the death of the testator, but the survivors take the whole. *Jackson* v *Roberts,* 14 Gray, 546. If said William had left several children instead of one only, those children would together have been entitled to only one ninth; that is, to the same to which their father would be entitled, if he were alive ; and that ninth must have been divided among them, in fractional parts thereof, according to the number of the children. So it must have been, if Josiah, the son of Stephen, had left more than one child.

The foregoing rules and principles of division are to be applied to the other half of the property which was given to the

heirs of the brothers and sisters of the testatrix, according to the facts in the case.

As no trustee of the children of Lucy Cook is named in the second clause of Mrs. Holbrook's will, the executor (the plaintiff) is to perform the duty of trustee for her, and therefore there is no necessity for the appointment by the court of a trustee to represent Vernon Stiles Cook in this proceeding. *Hall* v. *Cushing,* 9 Pick. 395. *Dorr* v. *Wainwright,* 13 Pick. 328.

*Decree accordingly.*