FRANKLIN M. KETCHUM ET AL., TRUSTEES, *vs.* CATHERINE
K. CORSE ET AL.

Third Judicial District, New Haven, June Term, 1894. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

A testator gave the residue of his estate to trustees, directing them to pay
over the whole, or so much of the net income therefrom, as his widow
might require, during her life; and to pay over the balance of such
income, if any, to his seven children named, and in case of the death
of any child, to pay over to his or her "heirs and legal representatives"
the share of income which such child would have been entitled to if
living, such heirs and representatives to take by way of representation.
The will then provided that upon the death of the last survivor of his
wife and children the trustees should make over and convey the resid-
uary estate in equal shares to the "heirs and legal representatives"
of the children respectively, who should take *per stirpes.* A subse-
quent clause empowered each child to dispose by will of the share
which his or her "heirs and legal representatives" would otherwise
have taken under the will. The testator also directed that in making
a final distribution of the estate certain specified sums paid by him to
his several children should be reckoned in and treated as advance-
ments. In a suit brought by the trustees, after the death of the widow,
to determine the validity and construction of the will, it was *held*:—

1. That the provisions relating to "heirs and legal representatives" of
deceased children were void, as contravening the statute of perpetui-
ties (General Statutes, § 2952).
2. That upon the decease of the widow the trust terminated and the entire
residuary estate was distributable as intestate estate of the testator.
3. That in making such distribution the provisions relative to charges and
advancements should be regarded and followed.

[Argued June 8th—decided September 1st, 1894.]

SUIT for the construction of the will of Morris Ketchum of
Westport, deceased, brought to the Superior Court for Fair-
field County and reserved by the court, *Thayer, J.,* upon
the facts stated in the complaint and answers, for the advice
of this court.

The case is sufficiently stated in the opinion.

*Curtis Thompson,* for Catherine K. Corse and Margaret
Parker.

*John W. Alling*, for Franklin M., Edward B., and Landon Ketchum, and Willard Parker.

*Nathaniel R. Hart*, for Willard Parker, Jr.

*J. C. Chamberlain*, with whom was *David B. Lockwood* and *Alfred B. Beers*, for Edith Evans et al.

FENN, J. The material facts involved in this reservation may be stated as follows: Morris Ketchum, late of Westport, by his last will dated August 12th, 1876, among other things, provided in clause fifth that the rest and residue of his property be given and devised to his executors in trust, to hold, manage and invest, " and to derive a yearly income from my said estate, and to hold and apply the same as follows, viz:—

" 1. To use and apply from time to time, and as often as necessary, so much of such yearly income as may be necessary for the expenses of this trust, and the proper maintenance, care and management of my said estate.

" 2. To pay and make over to my dear wife Margaret, semi-annually, during the term of her natural life, the whole or so much of said annual income after the payment last above directed, as she shall require, to and for her absolute use and benefit.

" 3. To pay and make over, semi-annually, the residue of such annual income, if any there be, in equal shares, to my children, Kate Corse, Franklin M. Ketchum, Charles J. Ketchum, Edward B. Ketchum, Landon Ketchum, Margaret Parker, and Miller Ketchum, and in case of the death of any of my said children, to pay and make over during the continuance of this trust, to the heirs and legal representatives thereof, the distributive share of said income to which such deceased child would have been entitled hereunder, if living, such heirs and representatives taking by way of representation and not according to their number.

" *Sixth.* As soon as may be after the death of the last survivor of my said wife and children, I direct said trustees to

make over and convey my residuary estate in equal shares to the heirs and legal representatives of my said children, such heirs and representatives taking by way of representation and not according to their number."

In the seventh clause the testator stated that he had advanced to each of his children sums of money varying in amounts, and that certain of them were devisees of special lands, under the will of his wife Margaret; that " to the end of an equitable distribution" of the residuary estate, these amounts should be charged them, adding: " I direct my said trustees in making final distribution of my residuary estate in equal shares as hereinbefore provided, to reckon as part of such estate, the total amount of the advancements as above declared and to reckon as part of the respective distributive shares of my estate, the advancements above charged to my said children respectively." The next clause of the will is as follows:—

" *Eighth.* I hereby empower my said children to dispose by last will and testament of the distributive share of my residuary estate. to which his or her heirs and legal representatives would otherwise become entitled hereunder, and I direct my said trustees, as far as they lawfully may, to convey and make over such distributive share, in accordance with the will of such testator, provided such will shall have been regularly proved, and knowledge thereof shall have been given said trustees within the period of one year after the death of such testator."

The testator died in 1880, leaving surviving his wife Margaret, who died September 11th, 1893. He also left surviving all his children named in the will. Of these children, Charles J. and Miller have since died intestate, each leaving a widow and children. The rest survive. Franklin M. has never married. The others have married and have issue. During the life of the wife of the testator the trustees paid over to her all the income of the estate conveyed by said will, and at her death the value of the residuary estate was, and is, substantially one hundred and fifty thousand dollars.

The questions propounded relate to the validity and effect

of the third subdivision of the fifth article, and of the sixth article of said will, and are stated in the complaint as follows:—

"1. Is the provision in said subdivision third of said fifth article, which says that in case of the death of any of said children, said trustees are to pay and make over, during the continuance of the trust, to the heirs and legal representatives thereof, the distributive share of said income to which said deceased child would have been entitled thereunder, if living, such heirs and representatives taking by way of representation, and not according to their number, valid, or is the same void, as in violation of the statute of perpetuities?

"2. Is the provision of the sixth article of the will, which directs the trustees, upon the death of the last survivor of the wife and children of said testator, to make over and convey the residuary estate in equal shares to the heirs and legal representatives of such child, valid, or is the same void as in violation of the statute of perpetuities?

"3. If said provisions of said will, either in the third subdivision of the fifth article of the will, or in the sixth article of the will, in favor of the heirs and legal representatives of any child or children of the testator, are invalid, what, then, is the effect of such invalidity upon the provisions of said third subdivision of the fifth article, directing the payment of the semi-annual income in equal shares to the children of the testator?

"4. Are any of the provisions of the will which were designed to take effect upon the death of the widow of the testator, valid?

"5. If any of said provisions of said will are invalid for any reason, to whom does the estate, or trust estate, created by any of such provisions, go, and of right belong?"

In order to answer the first and second of the above questions, it is necessary to determine what the testator intended by the expression "heirs and legal representatives thereof," as applied to a child dying during the continuance of the trust. In pursuing this inquiry the context should be taken into consideration. Such "heirs and legal representatives,"

were to take a " distributive share," and to take it " by way of representation and not according to their number." If we attach to the word " heirs " its ordinary meaning, including collaterals, it is manifest that, under the repeated decisions of this court, the statute of perpetuities is violated. If we apply to it the more restricted meaning of " children," it is evident that the testator, in both the fifth and sixth clauses, has failed to make any provision whatever for such a contingency as the death of the unmarried son, Franklin M., intestate. Such an oversight cannot properly, by mere construction and inference, be attributed to the testator. Doubtless in what the testator said as to " representation," he must have had children or descendants of a deceased child in mind. The question is whether in making use of the word " heirs," instead of " children," he intended a broader provision. But if the conclusion that he did not is adopted, then, substituting the word " children," for the word " heirs," the language accords with that of our statute of distributions, viz. : " children and the legal representatives of any of them who may be dead," (General Statutes, § 630,) and should receive the same construction. By " representatives," as used in this statute, and also in § 632, where it is provided that no representatives shall " be admitted among collaterals after the representatives of brothers and sisters," is intended neither heirs generally, nor executors and administrators, but lineal descendants taking "by representation," *per stirpes,* " and not according to their number." Applying this meaning, it is evident that such representatives may, at the death of a child of the testator, be the grandchildren of such child, and the children of parents both born after the testator's death, a contingency which is not only possible, but perhaps probable under clause fifth of the will when applied to the last but one, and under clause sixth when applied to the last survivor, of seven lives. This also would cause the provisions in question to offend our statute of perpetuities.

It may be suggested that by the language used in the fifth clause, " in case of the death of any of my said children," the testator meant in case of the event of their dying within

the lifetime of the testator.    Such a construction would at
the same time make the provision as to heirs and legal rep-
resentatives valid, and deprive it of any practical operation ;
since no child of the testator named in the will did in fact
so die.    Of course such construction could not be put upon
the language used in clause sixth.    It is, besides, in contra-
vention of the meaning of the eighth clause, by which it is
evident the testator intended to confer upon his children
the power to dispose by will of what would otherwise go to
the " heirs and legal representatives " ; a power which, if
valid, as the testator believed it to be, could only be exer-
cised by children living at the death of the testator, and
then dying during the continuance of the trust.    The first
and second questions propounded must therefore be answered
by saying that the provisions referred to are void, as in vio-
lation of the statute of perpetuities.

We are thus brought to the remaining questions as to the
effect of such invalidity upon the other provisions of the will,
and in the determination of this inquiry the general purpose
and intent of the testator, if the same can be ascertained,
should be regarded, and as far as possible, in conformity to
legal rules and principles, effectuated.    Fortunately such gen-
eral intent seems clear.    So far as the residuary estate—alone
under consideration—is concerned, the cardinal thought was
the best, fairest, and most certain provision for the natural
objects of his bounty ; his " dear wife Margaret," and his
children.    For his wife he first provided, in a clause under
which she could, and in fact did, receive the entire income
of the residuary estate during her life.    No question there-
fore arises concerning the disposition of any such income
accruing while she lived and not required by her.

For his children he next provided ·by provisions, which,
while they extended the trust created after the death of the
wife, and until that of the last survivor, gave to them the
entire beneficial use and enjoyment of such property, at
least to the utmost limit to which it could have been imag-
ined that it was possible to do, consistent with the contin-
uance and validity of the trust.    In the first place the entire

residue of the annual income—meaning all not paid to the wife or expended in the expenses of the trust, and the proper maintenance, care and management of the estate—was to be paid and made over, semi-annually, in equal shares, to the children. Second, in case of the death of any child, such payment of the same proportion or " distributive share," continued to " heirs and legal representatives thereof," taking " by way of representation." Third, at the death of the last survivor the trust ceased, and the trustees were to " make over and convey " the *corpus* in the same proportion and manner. Fourth, advancements were to be charged his children, " to the end of an equitable distribution," and the trustees, in making final distribution were to " reckon as part of such estate " the " total amount of the advancements as above declared," and " as part of the respective distributive shares," the advancements charged to the children respectively. Fifth, the full power of disposition by will was expressly declared.

In view of all these provisions, whatever may have been the purpose of the testator in providing for the continuance of the trust after the decease of his wife—which purpose it is perhaps not difficult to infer—it seems evident, that—since by reason of the invalidity of the provisions which we have held to violate the statute of perpetuities, no other persons than the children of the testator can take beneficially, or as purchasers, any interest in this residuary estate under the will—there can be no justification in holding that the trust continues as to any portion of such estate as long as it may do so without violating such statute ; that is, until the time specified in the will, the death of the last survivor of the wife and children, provided results would necessarily follow from such continuance, coupled with the invalidity of the ultimate provisions, which the testator could not have contemplated, and which would offend his general purpose of equality and " equitable distribution." Would such results follow therefrom ? It seems to us that they would. Two of the testator's children have already died intestate. Four more will die before the seventh or " last survivor." Since

no valid provision is contained in the fifth clause as to what disposition shall be made of the share of income to which such children would have been entitled, if living, during the continuance of the trust, and it cannot be claimed that the language in said clause either constitutes such children a class, or vests in them severally, a freehold estate *per auter vie*, in an aliquot part of principal or income, it must result that on the death of Miller Ketchum, the first child of the testator to die, and who left a widow and children, one seventh of the principal or one seventh of the continuing income from the principal—it is unnecessary to determine which it should be called, or how treated, during the life of the trust—became, in the sense that no valid disposition was made of it in the will, the intestate estate of the testator, not of the deceased son; so that any disposition of it must be to the children generally, counting the " representatives " of such deceased son as entitled to one share or seventh of such seventh. The same results followed, with the modifications and complications incident to the devolution of the first share, upon the death of Charles J. Ketchum, who also left a wife and children. They will follow in future, subject to a possible exercise of the power of appointment, (if the same is valid, which we do not mean to intimate any opinion concerning, as it is not requisite, and the question was not made,) so long as the trust continues. For these reasons, as well as others which might be stated if essential, we think this case falls within the principle declared by this court in *Andrews* v. *Rice*, 53 Conn., 571, that where trusts, otherwise valid, are so connected with invalid provisions " that they cannot be separated and carried into effect without involving consequences substantially and materially different from what the testator intended, then they too must fall with the illegal distribution."

The Superior Court is advised:—

*First.* That the provisions in subdivision third of clause fifth, and also in the sixth clause, of the will of Morris Ketchum, in reference to heirs and legal representatives of

deceased children of the testator are void, as in violation of the statute of perpetuities.

*Second.* That the trust created ceased to be valid and determined upon the death of the wife of the testator, and that the entire residuary estate should be distributed as being intestate estate of the said Morris Ketchum, charged with and subject to a valid trust estate during the life of his wife, which has now determined by her death. That in making such distribution the provisions of clause seventh of the will, in reference to charges and advancements, should be regarded and followed

In this opinion the other judges concurred.