LYMAN H. DANIELS ET AL. *vs.* HARRIS E. DANIELS, EXECUTOR, (ESTATE OF COURTLAND C. DANIELS).

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 10th—decided June 21st, 1932.

*Thomas E. Troland,* for the appellants.

*Arthur T. Keefe,* for the appellees.

MALTBIE, *C. J.* Courtland C. Daniels died, leaving a will in which, after various devises and bequests, he gave the residue of his property to "my legal heirs." There survived him at his death, as his nearest relatives, three nephews and also several grandnieces and grandnephews, children of a son of a brother, and of a son of a sister, of the testator, the brother and sister and their sons all having died before him. The Court of Probate decreed that the three nephews were entitled to the residue of the estate, to the exclusion of the grandnieces and grandnephews. An appeal was taken to the Superior Court and the case reserved for our advice. The ultimate question at issue is: Are the grandnieces and grandnephews entitled to share in the residue of the estate as "legal heirs" of the testator?

The words "legal heirs" designate a class the members of which are to be determined as of the date of the death of the testator. *Union & New Haven Trust*

*Co.* v. *Ackerman,* 114 Conn. 152, 160, 158 Atl. 224. The words must be taken to mean those who would have been entitled to inherit from him under our statutes of distribution, had he died intestate. *Hartford-Connecticut Trust Co.* v. *Lawrence,* 106 Conn. 178, 138 Atl. 159. Section 4982 of the General Statutes provides that, if an intestate leaves neither children nor representatives of children, husband or wife, or parents, his estate shall be distributed equally to "brothers and sisters of the whole blood and those who legally represent them." The question therefore narrows to this, do grandchildren of deceased brothers and sisters of an intestate come within the phrase, "who legally represent them"?

The words "legal representatives" or their equivalent occur six times in §§ 4980-4982 of the General Statutes governing the distribution of intestate estates. Thus, in § 4980 it is provided that after the share of a surviving husband or wife shall have been distributed, the residue of the estate shall be distributed equally among the children of the intestate "and the legal representatives of any of them who may be dead." Section 4982 begins: "If there be no children or any legal representatives of them" the estate shall be distributed to the parent or parents of the intestate, and if there be none, then, in the provision we have already quoted, to brothers and sisters of the whole blood and "those who legally represent them," and if there be no such kindred, then to brothers and sisters of the half blood and "those who legally represent them;" and the statute then goes on to provide: "No representatives to be admitted among collaterals after the representatives of brothers and sisters." Obviously the same meaning is to be given to the words "legal representatives" or their equivalent in each instance of their use. *Beacon Falls* v. *Seymour,* 44 Conn. 210,

217. As regards the provisions in § 4980 under which the "legal representatives" of a deceased child may inherit, we are not aware that it has ever been questioned, nor could it be, that grandchildren of a deceased child are within that designation. "It is a general rule that the lineal descendants of any person . . . shall represent their ancestor in infinitum, and stand in the same place as he would have done had he been living." 1 Swift's System, 283; see Cleaveland, Hewitt & Clark, Probate Law & Practice of Connecticut, Vol. 1, § 519. A like interpretation given to these words when used in relation to brothers and sisters of the intestate, necessarily includes grandnephews and grandnieces.

The correctness of this conclusion is established by an examination of the history of the statute in question. In 1808 and previously it had contained the provision: "No representatives to be admitted among collaterals after brothers' and sisters' children." Statutes of Connecticut, 1808, p. 273. In the Revision of 1821, page 208, the clause was changed to its present form: "No representatives to be admitted among collaterals, after the representatives of brothers and sisters." Of this change JUDGE SWIFT says: "As everybody would naturally prefer that their estate should go to the grandchildren of a brother, instead of those of a remoter line, though in a nearer degree, it was thought advisable in the late revision of the statutes, to alter this part of the law respecting descent, and instead of the clause, 'that there shall be no representatives after brothers' and sisters' children,' to provide that there shall be no representatives, after the representatives of brothers and sisters. The effect of which is, that the grandchildren of a brother, or sister, shall by right of representation share with the children, and if there are no children shall exclude uncles,

and cousins. Of course when we speak of the representatives of brothers, and sisters, it must be understood in the same sense as when we speak of the representatives of children, or lineal descendants." 1 Swift's Digest, 116. The division of the estate among the nephews and the grandnieces and grandnephews should be per stirpes and not per capita. *Cook* v. *Catlin,* 25 Conn. 387, 391; *Ketchum* v. *Corse,* 65 Conn. 85, 89, 31 Atl. 486.

We answer the questions propounded as follows: The words "legal heirs" mean those who would inherit had the testator died intestate; they are to be ascertained by reference to the statutes of distribution; and they include both the nephews and the grandnieces and grandnephews of the testator, taking per stirpes.

No costs will be taxed in this court to either party.

In this opinion the other judges concurred.