MILDRED B. KERIN ET AL. *v.* ALEXANDER A. GOLDFARB, ADMINISTRATOR (ESTATE OF BURTON W. KINNE), ET AL.

HOUSE, THIM, RYAN, SHAPIRO and LOISELLE, Js.

Argued February 4—decided March 2, 1971

*John B. Willard,* for the appellants (plaintiffs).

*Michael E. Grossman,* for the appellee (named defendant).

*Ralph G. Elliot,* with whom was *W. Wilson Keithline,* for the appellee (defendant Lindsay).

SHAPIRO, J. Mildred Bennett Kerin and Marion Bennett Navel, hereinafter referred to as the plain-

tiffs, appealed to the Superior Court from a probate decree determining that the defendant Ruth Bennett Lindsay, hereinafter referred to as Lindsay, was the sole heir and distributee of the intestate estate of Burton W. Kinne, of which the named defendant is administrator. Both defendants appeared specially and each filed a plea in abatement on the ground that the plaintiffs were not aggrieved persons because they had no interest in the estate. The Superior Court, on a stipulation of facts by all the parties, sustained the pleas. From a judgment rendered thereon, the plaintiffs have appealed to this court.

The parties stipulated to the following facts. Burton W. Kinne, a resident of Hartford, died intestate on October 13, 1968. He left no spouse, issue, parents, brothers, sisters or issue of brothers or sisters surviving him. His nearest surviving relative was his aunt, the defendant Lindsay, who was a sister of his late mother. Also surviving him were the plaintiffs, the children of the late Wilbur R. Bennett, who was a brother of the late mother. Thus, the plaintiffs are cousins of the intestate. On March 2, 1970, the Probate Court for the district of Hartford adjudged the defendant Lindsay to be the nearest surviving relative of the intestate and sole distributee of his estate. The plaintiffs contend that, as children of the late Wilbur R. Bennett, they legally represent him and, therefore, the Kinne estate should be divided into two equal parts with one to be distributed to them and the other to the defendant Lindsay.

The dispositive issue before us is whether the plaintiffs are "aggrieved" persons within the meaning of General Statutes § 45-288.

We first turn to General Statutes § 45-276, of

which the pertinent portion appears in the footnote[1] and which governs the distribution of an intestate's estate such as the one before us. This statute designates "children or any legal representatives of them", "brothers and sisters of the whole blood and those who legally represent them" and "brothers and sisters of the half blood and those who legally represent them," thereby allowing for representation of an intestate's children and of an intestate's brothers and sisters. (See General Statutes § 45-274 for distribution to spouse and children.) Section 45-276 further provides, "then equally to the next of kin in equal degree, kindred of the whole blood to take in preference to kindred of the half blood in equal degree, and no representatives to be admitted among collaterals after the representatives of brothers and sisters." The plaintiffs seek to have us interpret this language to mean "then equally to the next of kin in equal degree or those who legally represent brothers and sisters among next of kin in equal degree." In the statutory phrase, however, "no representatives to be admitted among collaterals after the representatives of brothers and sisters", the words "brothers and sisters" mean brothers and sisters of the intestate. This language, read in the light

[1] "Sec. 45-276. WHEN THERE ARE NO CHILDREN OR REPRESENTATIVES OF THEM. If there are no children or any legal representatives of them, then, after the portion of the husband or wife, if any, is distributed or set out, the residue of the estate shall be distributed equally to the parent or parents of the intestate, and, if there is no parent, then equally to the brothers and sisters of the whole blood and those who legally represent them, and, if there is no such kindred, then equally to the brothers and sisters of the half blood and those who legally represent them, and, if there is no parent or brothers and sisters of the whole or half blood or those who legally represent them, then equally to the next of kin in equal degree, kindred of the whole blood to take in preference to kindred of the half blood in equal degree, and no representatives to be admitted among collaterals after the representatives of brothers and sisters".

of the entire statute, can mean only that the legislature intended to limit representation among collaterals to those to whom the statute had accorded the right, namely, brothers and sisters of the intestate.

While we have never examined § 45-276 under a factual situation identical to that presented here, we have expressed the rule, under an earlier statute of distribution, as to representation by collaterals. In *Campbell's Appeal,* 64 Conn. 277, 29 A. 494, the next of kin of the intestate included five first cousins. The appellant was a second cousin of the deceased. This court interpreted the applicable statute, § 632 of the Revision of 1888, of which the pertinent provisions are identical to General Statutes § 45-276, as follows: "Another first cousin was the mother of the appellant; but as she died before the intestate, and there is no representation among cousins under our statute of distribution, the appellant had no right to share in the inheritance, as one of the next of kin". Id., 292; see also *Culver* v. *Union & New Haven Trust Co.,* 120 Conn. 97, 108, 179 A. 487; *Dickerman* v. *Alling,* 83 Conn. 342, 345, 76 A. 362. Clearly, under § 45-276, cousins and aunts and uncles are classes within the term "next of kin". The expressed rule that there is no representation among cousins applies equally to "next of kin" who are aunts or uncles.

The plaintiffs rely on *Ritter* v. *Ritter,* 62 Ohio App. 488, 24 N.E.2d 603, claiming that there the statute of distribution is in all material respects the same as our § 45-276. Clearly, this is not so, and the claim is without merit. Reliance is also placed on *Daniels* v. *Daniels,* 115 Conn. 239, 242, 161 A. 94, and *Close* v. *Benham,* 97 Conn. 102, 106, 115 A. 626. Neither case has application to the facts of the present case.

The language of § 45-276 does not support the construction claimed by the plaintiffs. If there is any doubt as to the legislative intent, one should look to the entire act. *Lake Garda Co.* v. *LeWitt,* 126 Conn. 588, 592, 13 A.2d 510. Its parts must be construed, so far as possible, as operative and harmonious with every other part. *McAdams* v. *Barbieri,* 143 Conn. 405, 418, 123 A.2d 182; *Savings Bank of Rockville* v. *Wilcox,* 117 Conn. 188, 193, 167 A. 709. If the legislature had wished to extend the right of representation as claimed by the plaintiffs it would have done so. In viewing the statute we find no doubt as to the legislative intent.

General Statutes § 45-288 limits the right of appeal from a decree of a court of probate to one who is aggrieved.[2] The plaintiffs, to be "aggrieved" within the meaning of this statute, must have not only a pecuniary interest but a pecuniary interest which has been injuriously affected by the decree appealed from. *Williams* v. *Houck,* 143 Conn. 433, 437–38, 123 A.2d 177; *Kaskel* v. *Steinberg,* 142 Conn. 379, 384, 114 A.2d 853; *Weidlich* v. *First National Bank & Trust Co.,* 139 Conn. 652, 656, 96 A.2d 547. If the plaintiffs are not parties aggrieved, the appeal is void. *Fuller* v. *Marvin,* 107 Conn. 354, 357, 140 A. 731. If the plaintiffs are not persons actually aggrieved by the decree, the Superior Court has no jurisdiction of the subject matter of the appeal. *O'Leary* v. *McGuinness,* 140 Conn. 80, 83, 98 A.2d 660; *Weidlich* v. *First National Bank & Trust Co.,* supra; *Palmer* v. *Reeves,* 120 Conn. 405, 409, 182 A. 138. The plaintiffs have failed to show a pecuniary

[2] "Sec. 45-288. APPEALS FROM PROBATE. Any person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the superior court for the county where such court of probate is held".

interest in the estate because, under § 45-276, they are not distributees of the estate. They have no standing, therefore, to appeal from the decree of the Probate Court. The pleas in abatement were properly sustained.

There is no error.

In this opinion the other judges concurred.