[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO ADD PARTY AS PLAINTIFF #116
The plaintiff, William G. Grady, is the court-appointed attorney for Angelina Rizzo, the sister of Lucy Magnano, and is appealing an order and decree of the probate court constructing Magnano's will. The present motion seeks to add Salvatore Rizzo, a nephew of Angelina Rizzo, as a party plaintiff to the Magnano appeal. This is a third attempt to involve Salvatore Rizzo in this action.
The will of Lucy Magnano was initially admitted to probate on April 20, 1990, and this decision was appealed. After a jury trial, the jury verdict found in support of the will. On September 8, 1992, the probate court ordered and decreed that the will of Lucy Magnano created a life estate in Angelina Rizzo, with the remainder after the life estate vested in Marino and Salonia. The September 8, 1992, order stated in relevant part that "Salvatore Rizzo has no legal standing to contest decisions made in the administration of the Estate [of Magnano]."
On October 2, 1992, Salvatore Rizzo and plaintiff Grady filed an appeal from the decree of the probate court regarding Magnano's will. On January 18, 1992, the defendants, executors of the Estate, filed a motion to dismiss based in part on the ground that the plaintiffs lacked standing to bring the appeal because of a lack of aggrievement. On August 5, 1993, the court (Higgins, J.) granted the motion to dismiss as to Salvatore Rizzo, on the ground CT Page 10199 that as an apparent heir-at-law, with no present interest in the estate of Angelina Rizzo, he was not aggrieved.
Angelina Rizzo died on October 13, 1993. On October 21, 1993, Grady filed a motion to add Salvatore Rizzo as a party plaintiff on the ground that he is now an heir-at-law with a legally protected interest. The defendant and now sole executor of the estate filed an objection to this motion on October 27, 1993. The plaintiff correctly alleges that Salvatore Rizzo is an heir-at-law of his aunt Angelina. The question that presents itself is whether this interest provides him standing to appeal the construction of a will involving Angelina's sister, Lucy Magnano.
"[A]ppeals from Probate Court decisions are statutory appeals that ordinarily require the appellant to establish his interest and the nature of his aggrievement." Weill v. Lieberman, 195 Conn. 123,124-25, 486 A.2d 634 (1985). "The existence of aggrievement depends upon `whether there is a possibility, as distinguished from a certainty, that some legally protected interest which [an appellant] has in the estate has been adversely affected.'" Merrimac Associates, Inc. v. DiSesa, 180 Conn. 511, 516,429 A.2d 967 (1980), quoting O'Leary v. McGuinness, 140 Conn. 80, 83,98 A.2d 660 (1953). "Moreover, it must appear that the interest which is adversely affected is a direct interest in the subject matter of the decree from which the appeal is taken." (Citations omitted, emphasis added.) Id.
Salvatore Rizzo claims be an aggrieved party by virtue of his status as an heir-at-law of Angelina Rizzo, the alleged sole residuary beneficiary under Magnano's will. However, this interest in the Magnano estate does not merit a finding that Salvatore Rizzo is an "aggrieved" party in this appeal. His interest in the estate derives solely from a third party, Angelina's estate, and the interests of this estate are already adequately represented by the plaintiff Grady. In Kerin v. Goldfarb, 160 Conn. 463, 280 A.2d 143
(1971), the court held that the cousins of an intestate decedent had no standing to appeal since they could not be distributees of the estate. Id., 467-68, see also Urrata v. Izzillo, 1 Conn. App. 17,19-20, 467 A.2d 943 (1983) (any rights creditor had were not rights in the estate itself; they derived strictly through a third person.) Salvatore Rizzo's interest in the Magnano estate indirect, rather than the direct interest required.
Furthermore, the estate of Angelina Rizzo, or its legal representative, is the appropriate party with standing to appeal CT Page 10200 her interest in the Magnano estate. See City Trust Co. v. Bulkley,151 Conn. 598, 201 A.2d 196 (1964), Hartford National Bank Trust Co. v. Willard, 175 Conn. 372, 384 n. 3, 398 A.2d 1186 (1978). An heir of a deceased heir is not properly joined in such an action. City Trust Co. v. Bulkley, supra, 603. An heir of a deceased beneficiary under a will is likewise an inappropriate party.
Motion is denied.
WALSH, JOHN, J.