[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
This is a probate appeal dated January 6, 1994 brought by Rosalie Benny Zanoni, heir at law of the decedent, and Paul Zanoni as (1) a creditor of the estate (2) a claimant of a contingent interest in two properties in the estate by virtue of labor and material allegedly supplied to the properties by him and (3) by virtue of an "implied contract" with the decedent and the devisee of the properties.
Defendant Administrator on February 2, 1994, filed this "Motion to Strike" Paul Zanoni as an appellant on the ground that he is not an aggrieved party under 45a-86 of the General Statutes.
Unless an appellant proves that he is aggrieved, the court has no jurisdiction. However, lack of aggrievement is more properly raised by a Motion to Dismiss rather than a Motion to Strike. Practice Book 142, 143; Lenge v. Goldfarb, 160 Conn. 463 467 (1971); Folsom, Connecticut Estates Practice Lawyers Coop. Publ. (1992) Vol. 1, p. 242. CT Page 2441
Moreover, even if this motion were treated as a Motion to Dismiss, an evidentiary hearing would be necessary to establish or refute the required aggrievements. Defendant has cited Judge Hammer's decision dated November 24, 1993 in a prior appeal in this probate estate as controlling in the determination of this motion, but the factual allegations and claims of aggrievement alleged here are more expansive than those in that case, and Judge Hammer held an evidentiary hearing before he rendered his decision.
Motion to Strike denied without prejudice.
Wagner, J.