## EDWARD A. CORNWALL, EXECUTOR *vs.* JAMES TODD.

Statutes relating to taxation are not penal, nor in derogation of natural right, and are to be so construed as to carry into effect the obvious intent of the legislature, rather than to defeat that intent by a too strict adherence to the letter.

The personal property of a deceased person, during the settlement of the estate, is taxable in the place of domicil of the deceased. When it comes into the possession of the heir or legatee, it must be taxed in the place where the heir or legatee resides. When it goes into the hands of a trustee, under the will or otherwise, it must be taxed where the trustee or *cestui que trust* resides, as the case may be.

An executor or administrator, as such, during the settlement of the estate and before final distribution, is not a trustee within the meaning of the statute (tit. 64, ch. 1, sec. 20) which requires personal property in the hands of a trustee to be set in the list in the town in which such trustee resides.

BILL IN EQUITY, by the petitioner as executor of the will of

Thomas D. Moss, deceased, for an injunction to restrain the levy of a tax warrant ; brought to the Court of Common Pleas for New Haven county, and reserved, on facts found, for advice. The case is sufficiently stated in the opinion.

*Doolittle* and *Bennett*, for the petitioner.

*Webster*, for the respondent.

CARPENTER, J.· The petitioner is the executor of the will of Thomas D. Moss, deceased. In the year 1869, he made and returned to the assessors of the town a list of the taxable property of the estate, not in his own name as trustee, but in the name of " Thomas D. Moss's estate." At that time the estate had not been distributed or finally disposed of by the court of probate. There was included in the list real estate and money at interest. Thomas D. Moss at the time of his death resided in the fifth school district in the town of Cheshire, where his widow still resides, and where the real estate named in said list is situated. The petitioner resides in the first school district. The fifth district laid a tax on the list of 1869, including in the rate bill a tax against the estate of said Moss on the real and personal property in said list. The respondent is the collector of said tax. This petition is brought to restrain him from collecting the tax on the sum of four thousand dollars money at interest.

1. The petitioner claims exemption under the statute, section 20, page 712, which requires personal property in the hands of a trustee to be set in the list in the town in which such trustee resides. In analogy to that statute, the claim is that such property can only be taxed for district purposes in the district where the trustee lives. If this is to be regarded as trust property, and the petitioner as trustee within the meaning of this statute, we should probably yield to the force of this suggestion. That an executor or an administrator, during the settlement of the estate and before final distribution, is in some sense a trustee, cannot be denied ; but we do not think he is such a trustee as this statute contemplates.

The next section provides that the real and personal estate of any insolvent debtor, or deceased person, which has not been distributed or finally disposed of by the court of probate, may be set in the list for taxation either in the name of such insolvent debtor's estate, or of such deceased person's estate, or in the name of the trustee, administrator, or executor of such estate, as such, at the option of the person whose duty it is to present the list of such property to the assessors. If the 20th section applies to an ordinary executor or administrator during the settlement of the estate, the statute manifestly requires the personal property of a deceased person's estate to be set in the list in the town where the executor or administrator resides ; and in all those cases where he resides in a different town from that in which the deceased lived, the personal property, for the purposes of taxation, is immediately transferred from the place of domicil of the deceased to the place of residence of the executor. Such a result could not have been intended by the legislature, and we are quite confident that such has not been the practice. Executors and administrators are officers of the law. Ordinarily they have no interest in the property held by them as such. The legal title vests in them merely to enable them to collect, care for and dispose of the property, for the payment of debts, and for distribution among heirs or legatees. It is for a specific purpose and for a limited time, usually a year more or less. But when a party is made a trustee by deed or will, for the use of another, or for some charitable purpose, the property vests in him usually for a lifetime or longer. In respect to such trusts, there is a reason for declaring the sense of the legislature as to the place where the trust property shall be taxed ; but we see no occasion for requiring the personal property of a deceased person, during the settlement of the estate, to follow the same rule. The 20th section has reference to one class of trusts, and the 21st section to another. The former does not include the latter. The language of the statute, as well as its spirit and obvious meaning, will bear this construction, while practical convenience would seem to require it. In this case, upon the facts found, the petitioner must be regarded as

an executor, and not as a trustee, and the property taxed as belonging to the estate of Thomas D. Moss in process of settlement, and not as property held in trust in the ordinary way. The will gives no interest to the executor, and no title vests in him except such as vests by operation of law. It gives the use and improvement of all the property to the widow during her natural life. It does not in terms constitute the executor a trustee, and if he is a trustee at all, it is only by implication.

2. The petitioner in the next place claims that said personal property was not legally taxable in the fifth school district, for the reason that it was not the property of any person resident therein. The statute, section 130, page 349, is as fol lows: " Whenever a district shall impose a tax, the same shall be levied on all the real estate situated therein, and upon the polls and other ratable estate, except real estate situated without the limits of such district, of those persons who are residents therein at the time of laying such tax."

The question practically resolves itself into this: Who, for the purposes of taxation, is to be regarded as the owner of this property? We think we may with propriety say that it belongs to the estate. It does not belong to the executor, except in a limited sense, as we have already seen. It does not belong to the heir before distribution; and ordinarily the legatee has no claim until the debts are paid. In common parlance we speak of the property as *the estate*; and of the different items of property as belonging to the estate. And when the statute authorizes the executor to put the property in the list in the *name* of the deceased person's estate, it regards the estate as an intangible being or person capable of owning property. The executor or administrator represents that being, and speaks and acts for it, and in its name and behalf.

Again. So far as property is concerned, and for the purposes of collecting and paying debts, and doing justice by others, the acts and doings of a deceased person while in life still continue to affect the living. In a certain legal sense, therefore, and for certain purposes, he still lives, and will continue to live until those purposes are fully accomplished. As he is incapable of acting for himself, the executor or ad-

ministrator represents him. The law requires this property, while in a transition state from the dead to the living, to bear its proportion of the public burdens. For the purposes of taxation, therefore, it must have a *situs*. None can be more appropriate than the place where the deceased lived and died. .I apprehend, therefore, the true rule to be this: The personal property of a deceased person is taxable, during the settlement of the estate, in the place of domicil of the deceased. When it comes into the possession of the heir or legatee, it must be taxed in the place where the heir or legatee resides. When it goes into the hands of a trustee, under the will or otherwise, then the statute governs it, and it must be taxed where the trustee resides, or where the person resides for whose use it is held in trust, as the case may be. Such a rule is in harmony with all the provisions of the statute, is easily understood, can be easily applied, and will work no injustice.

The greatest, and perhaps the only, objection that can be urged against this rule is, that we cannot say in strictness that the deceased or his estate is a resident of the district. This objection assumes that the statute is to be strictly construed. But we do not think that the doctrine of strict construction should apply to it. Statutes relating to taxes are not penal statutes, nor are they in derogation of natural rights. Although taxes are regarded by many as burdens, and many look upon them even as money arbitrarily and unjustly extorted from them by government, and hence justify themselves and quiet their consciences in resorting to questionable means for the purpose of avoiding taxation, yet in point of fact no money paid returns so good and valuable a consideration as money paid for taxes laid for legitimate purposes. They are just as essential and important as government itself; for without them in some form government could not exist. The small pittance we thus pay is the price we pay for the preservation of all our property, and the protection of all our rights. But there is not only a necessity for taxation, but it is eminently just and equitable that it should be as nearly equal as possible. Hence it is the policy of the law to require all property, except such as is specially exempted, to bear its

proportion of the public burdens. Not only so, but the law manifestly contemplates that property rated in the list shall be liable for all taxes—town and school district taxes alike. This is evident from the provision that district taxes shall be laid on the town list, with special provision for certain changes rendered necessary in order to tax all the real estate situated within the district, and none situated without, and also to assess the tax in each instance upon the right person. In construing statutes relating to taxes, therefore, we ought, where the language will permit, so to construe them as to give effect to the obvious intention and meaning of the legislature, rather than to defeat that intention by a too strict adherence to the letter.

Again. The same process of reasoning which would exempt this property from taxation in the district, on the ground now under consideration, would also exempt it from all taxes. The 3d section of the act, page 706, provides, that the assessors shall give public notice "requiring of *all persons in such town* who are liable to pay taxes &c." The words italicised have the same meaning in respect to towns, that the words, "persons who are residents therein," have in respect to school districts. It is not denied, however, that the town may tax it, as the statute expressly provides for putting it into the list. Another statute requires the district tax to be laid on the town list; and there is no provision for a change in respect to this kind of property. Property in the tax list is subject to district taxes, unless otherwise provided by statute. As there is no special provision affecting this property, we think it was properly taxed.

For these reasons we advise the Court of Common Pleas to dismiss the bill.

In this opinion the other judges concurred.