JULIUS S. WEISNE AND WIFE'S APPEAL FROM PROBATE.

An appeal lies to the Superior Court from the appointment of a guardian to a minor by a court of probate.

The statute gives an appeal from "every order, denial or decree" of the probate court, and therefore from those orders that lie within the discretionary powers of the court as well as others.

In determining whether an order of a probate court appointing a guardian over a minor shall be reversed, the fact that the minor is in the custody of the guardian, and in such a condition of health that removal would not be safe, is not entitled to consideration.

APPEAL from a decree of a court of probate appointing one Christian Birk guardian of Anna Eilbert, a minor; tried in the Superior Court for Fairfield County, before *Sanford, J.* Judgment reversing the decree of the court of probate, and motion for a new trial by the appellee. The case is sufficiently stated in the opinion.

*G. H. Hollister* and *Sanford*, in support of the motion.

*Lockwood* and *Beers*, contra.

SEYMOUR, J. The appellant, Mrs. Weisne, is the mother of Anna Eilbert, a minor of six or seven years of age. The appellee, Christian Birk, was appointed by the court of probate guardian of the minor, upon an application made to the probate court alleging in substance that the mother had abandoned her child, and that she and her husband had become and were unfit persons to have the care and custody of the minor.

The Superior Court upon appeal found that these allegations were untrue and that neither the mother nor her husband was an unfit or improper person for such charge, and therefore reversed the decree of the probate court.

The appellee complains of the proceedings in the Superior Court; first, because he says that the appointment of Mr. Birk as guardian was within the discretionary power of the court of probate and therefore not the subject of appeal.

The contrary is so fully established in the practice of the state, and the statute so clearly gives an appeal from every order, denial or decree of the probate court, that we forbear to do more than reaffirm the rule allowing an appeal in such cases.

The appellee further complains that in the trial before the Superior Court he offered evidence that, at the time of trial in that court, the physical condition of the said Anna was such as to make it improper and imprudent to remove her from the custody of the appellee; which evidence was rejected. The court was settling the right to the permanent custody and control of the minor, and the mother was found to be a proper person to exercise that control. She might therefore, we think, properly be entrusted with the question whether immediate removal of the person of the child was or was not prudent. The removal of the guardianship from the appellee did not necessarily or naturally involve any personal change of residence prejudicial to the child's health. If the child was too ill to be removed the mother would not make the removal. She, and not the Superior Court, was the proper tribunal to say what the health of the minor required to be done.

No new trial is advised, and there is no error in the judgment complained of.

In this opinion the other judges concurred.