IRENE M. BUCKINGHAM'S APPEAL FROM PROBATE.

New Haven Co., June T., 1889.   CARPENTER, PARDEE, LOOMIS, BEARDS-
LEY and TORRANCE, Js.

By Gen. Statutes, § 640, an appeal from a probate decree can be taken by
any person aggrieved.   Held that a legatee under a prior will was ag-
grieved by a decree allowing a later will.

And it is not necessary that the appellant should have proved the prior
will.

The uncertainty whether the prior will would be established in case the
later one should be disallowed, was not a reason for regarding the ap-
pellant as having no pecuniary interest in the question of the allowance
of the later will.

Argued June 6th—decided September 9th, 1889.

APPEAL from a probate decree approving and allowing
the will of Irene Clark; brought to the Superior Court in
New Haven County.   The appellees moved that the appeal
be erased from the docket on the ground that it did not ap-
pear that the appellant was aggrieved by the decree appealed
from, and the court (*Andrews, J.,*) granted the motion and
ordered the appeal to be stricken from the docket.   The
appellant appealed to this court.   The case is fully stated
in the opinion.

*J. H. McMahon,* for the appellant.

*T. E. Doolittle* and *W. B. Stoddard,* with whom was *S. C.
Loomis,* for the appellees.

PARDEE, J.   On April 16th, 1887, the probate court within
and for the district of Milford approved a writing executed
on November 11th, 1881, as the last will of Irene Clark, and
ordered the same to be recorded.   On April 5th, 1888, the
appellant exhibited to the same court another writing pur-
porting to be the last will of the said Irene Clark, executed
on November 17th, 1879, in which the appellant was made

one of the legatees and of which she was named one of the executors. On this last named day she took this appeal to the Superior Court from the order of the probate court approving the will of 1881, assigning for reason that the testatrix was of unsound mind and under undue influence at the time of executing it.

The appellees moved the Superior Court to erase the appeal from the docket, for the reason that it did not appear of record that the appellant had such an interest in the estate as would entitle her to take such appeal. The Superior Court ordered it erased. The appellant appeals to this court.

The statute gives the right of appeal from any decree of the probate court, to any person who will suffer pecuniary injury therefrom. In the appellant's motion to the probate court asking for leave to take the appeal, which motion is in writing and is incorporated in her appeal, she sets out that although she is a legatee under the will of 1881, yet that she is the legatee of a much larger amount under that of 1879; that the latter is in fact the last will of the testatrix; and that she will lose a large sum of money if the decree approving the will of 1881 is allowed to stand.

It is true, the appellant did not, could not, make it absolutely certain to the Superior Court that she would thereby suffer pecuniary loss. Possibly proof may be made that the will of 1879 was executed by the testatrix when of unsound mind or under undue influence; possibly a third will may be offered for probate. No more can a son, even, when taking an appeal from the probate of a will executed by the father giving his estate to strangers, make it certain that the decree of probate has worked a pecuniary injury to him; possibly another will may be discovered giving the estate to other strangers. But his right to appeal cannot be questioned. The existence of the will of 1879, executed in due form, in which the appellant is named a legatee, places her upon the same plane with the son in the supposed case. If the will of 1881 is invalid, presumably she inherits; but each alike is subject to the possibility of another will.

It is not a pre-requisite to her right to appeal from the decree approving the will of 1881 that she should have proved the will of 1879. She is compelled to appeal within twelve months from the decree of approval. Possibly she had no knowledge of the existence of the will of 1879, until it was too late to give the notice which the court of probate is required to order before approving a will.

In view of the existence of the will of 1879 in due form, and of the possibility of the invalidity of the will of 1881, the appellant established in the Superior Court such possibility of pecuniary loss as entitled her to hold her place as appellant.

The appellees insist that the only door open to her is to offer the will of 1879 for probate, and upon the refusal of the probate court to approve, to appeal, for the reason that upon such appeal, the parties to both wills having been heard, the court could make final determination of the question as to which is operative.

But the determination of the question whether the will of 1879 is or is not operative, of necessity includes the question as to the validity of the will of 1881. The appellant may be wrongfully burdened by the existence of a judgment of a court having jurisdiction, establishing the validity of the will of 1881, which judgment is beyond reversal or appeal.

We think therefore the Superior Court should have allowed the appeal to stand; thus holding all questions as to either will within its command until the final determination of all. No injustice, no delay even, will result to the appellees. The right of appeal will be preserved in its integrity.

There is error in the judgment of the Superior Court ordering the erasure of the appeal.

In this opinion the other judges concurred.