APPEAL OF MARILLA B. SPENCER, EXECUTRIX, LEGATEE AND TRUSTEE, FROM PROBATE OF THE WILL OF FREDERICK C. SPENCER.

MALTBIE, C. J., HINMAN, AVERY, BROWN and SIMPSON, Js.

Argued June 12th—reargued December 1st, 1936—decided
January 8th, 1937.

*George E. Beers* and *William B. Gumbart,* for the appellant.

*George W. Crawford,* for the appellee.

MALTBIE, C. J.   The plaintiff appealed to the Superior Court from a decree of the Court of Probate for the district of Guilford admitting to probate a will of her deceased husband, executed by him on March 5th, 1934; a motion to dismiss the appeal was granted and she has appealed to this court from that judgment. The reasons of appeal allege that, after the execution of the will admitted to probate, the deceased, on September 5th, 1934, executed in duplicate another will expressly revoking the former; that in the copy of the later will which he retained he drew lines through the name Bernard Greenberg, who was named in it as executor and trustee, wherever it appeared, and also drew lines and made punch marks through his own

signature; that at his request the attorney who drew the will retained the other copy in his possession; that it was the intention of the testator in thus mutilating the copy in his possession while leaving the duplicate as drawn, to revoke the will only to the extent that Greenberg was named in it; and that the later will should be admitted to probate, except in so far as it was so revoked, as the true will of the testator. Copies of the first will and of both duplicates of the second were attached to the reasons of appeal.

In the March will the testator gave substantially all his property to Greenberg to be held by him in trust, with the usual powers conferred upon a trustee as to the management of such a fund; he directed the trustee to pay all of the income to the plaintiff in monthly instalments; at the death of the plaintiff, he provided that the fund in the hands of the trustee should continue to be held by him in trust, with direction, however, to set aside $25,000, the income to be paid to Charlotte M. Frey during her life, and that except for this provision the income should be used to care for certain cemetery lots and for the benefit of a public nurses' association and a library; he added a provision that if the income of either of the funds, that for his wife or for Charlotte M. Frey, should in any year be insufficient by reason of serious illness or unforeseen emergency of any nature, to provide for the reasonable needs of the beneficiary the trustee might in his discretion use any part of the principal he might deem proper to meet such unusual needs; in the event that the plaintiff should not survive him, the testator gave to Greenberg $25,000 to be held by him in trust for the benefit of Charlotte M. Frey in accordance with the provisions made for her in the preceding portion of the will and gave the remainder of his estate to Greenberg to be held by him in trust for the care of the cemetery

lots and for the benefit of the nurses' association and the library; and he appointed the plaintiff and Greenberg executors of the will. The only changes made by the September will as it was drawn were that the plaintiff and Greenberg were made joint trustees of the fund established for her benefit; and there was an express provision inserted that if the plaintiff did not survive the testator Greenberg should be sole executor. The plaintiff claimed that the September will, revoked only in part by the alterations made in the duplicate copy, should be admitted to probate in place of the March will. If she should be correct in this, the only changes which would result would be that she will be sole executrix instead of joint executrix with Greenberg, sole trustee of the fund of which she is beneficiary in place of Greenberg and no trustee will be named for the trust provided to take effect at her death or in the event that she should not survive the testator.

The motion to dismiss alleges that the plaintiff has qualified under and is acting as executrix of the will admitted to probate. A transcript showing a portion of the proceedings before the trial court upon the hearing of the motion has been certified by the trial court and printed in the record upon motion of the defendant, and from this it appears that the plaintiff conceded the facts to be as stated in the motion. However, a motion to dismiss is addressed solely to the record and it is not proper to allege in it facts not appearing thereon. *Reilly* v. *Pepe Co.*, 108 Conn. 436, 443, 143 Atl. 568; *Ragali* v. *Holmes*, 111 Conn. 663, 665, 151 Atl. 190. The pleadings furnish no basis for considering what effect, if any, the fact that the plaintiff had qualified as executrix would have in the disposition of the case. The admission by the plaintiff at the hearing that she had so qualified cannot enlarge the scope of the issues raised by the motion,

On the other hand, after considering the matter as presented upon the reargument, we are satisfied that in the colloquy between the court and plaintiff's counsel at the hearing on the motion, which appears in the record, he did not mean to waive any claim that the plaintiff was aggrieved in her individual capacity as beneficiary of the trust under the decree of the Court of Probate. The answers he gave to the questions put to him by the court are not altogether clear or specific but, fairly construed, the position he took was that the plaintiff would not be aggrieved financially except as this would result from the fact that if the September will, with the effect he claimed to have resulted from the alterations in the copy, were admitted to probate in place of the March will, she would be sole executrix instead of joint executrix with Greenberg and sole trustee in place of Greenberg.

The motion for the appeal states that the appellant is an executrix, legatee and trustee under the September will and is signed simply by her name. Our statute gives a right of appeal from a probate decree to "any person aggrieved" by it; General Statutes, § 4990; and unless an appellant is aggrieved within the meaning of this provision, the Superior Court is without jurisdiction to entertain the appeal. *Palmer* v. *Reeves,* 120 Conn. 405, 182 Atl. 138. In *Avery's Appeal,* 117 Conn. 201, 167 Atl. 544, we have recently reviewed our decisions in which we considered the rights of a person to appeal in a representative capacity and there is no occasion to repeat what we there said. We pointed out that if one has a pecuniary interest which the decree injuriously affects he is "aggrieved" by it; and that such a grievance may also exist where he is acting in a representative capacity for those whose interests will be so affected; but we held that one removed as administrator because of the admission of a will to probate

which resulted in the revocation of his appointment had no such interest as permitted him to appeal. In the case before us, all those who would take an interest under the last will as the plaintiff claims it should be established, get exactly the same interests that they do under the will admitted to probate. As executrix and trustee the plaintiff has no such interest as can support the appeal.

But the motion for an appeal and the motion to dismiss put in issue the question whether the plaintiff as an individual is aggrieved in her capacity as beneficiary under the trust established in the will. One is not "aggrieved" within the meaning of the statute governing probate appeals because his feeling of propriety or his sense of justice is outraged by a probate decree. *Norton's Appeal,* 46 Conn. 527, 528. In that case, which was an appeal from a decree admitting a will to probate, we said (p. 528): "No person has the right to appeal except a person aggrieved, and no person can be aggrieved within the meaning of the statute, unless he is interested in the estate, either as creditor, legatee or heir at law, or in some pecuniary manner." We have used similar language in other opinions. *Dickerson's Appeal,* 55 Conn. 223, 229, 10 Atl. 194; *Beard's Appeal,* 64 Conn. 526, 533, 30 Atl. 775; *Woodbury's Appeal,* 70 Conn. 455, 456, 39 Atl. 791; *Averill* v. *Lewis,* 106 Conn. 582, 586, 138 Atl. 815; *Canty's Appeal,* 112 Conn. 457, 458, 152 Atl. 585; *Avery's Appeal,* 117 Conn. 201, 202, 167 Atl. 544. In these cases, all arising out of decrees made in the settlement of estates of deceased persons, the test of the existence of a pecuniary interest of the appellant which would be affected was appropriate and sufficient, as it will be in most such appeals. But that the statute is not in all cases to be restricted to decrees of probate which directly affect the pecuniary interest of an ap-

pellant is clear from the fact that under it appeals may be taken from decrees affecting the appointment of guardians of the persons of minors; *Weisne's Appeal,* 39 Conn. 537; *White* v. *Strong,* 75 Conn. 308, 311, 53 Atl. 654; and an appeal would undoubtedly lie from a decree of the Court of Probate concerning the adoption of a child.

Under the will of the testator the plaintiff was given the income of the trust established during her life and the will contained a further provision as follows: "(d) In the event that either or both of the trust funds for which provision is made herein for the benefit of my wife and of Charlotte M. Frey shall be in fact established as herein directed, and the income from either of said funds shall in any year be insufficient, by reason of serious illness or unforeseen emergency of any nature, to provide for the reasonable needs of the beneficiary of such fund, I direct that my said trustees may, in their discretion use for the purpose of meeting such unusual needs such part or all of the principal of such fund as they shall deem proper." The words "serious illness or unforeseen emergency of any nature," are somewhat indefinite in meaning and it would be the duty of the trustee or trustees in the first instance to determine whether such a situation had arisen; and by this provision the testator vested in the trustee or trustees of the fund a discretion, if either of these conditions are present, to determine what are reasonable needs of the plaintiff and to what extent the principal of the fund should be used to provide for them. In the solution of these questions men might reasonably differ, but no court would "interfere with the exercise of the discretionary powers of the trustees in the absence of a showing of fraud, bad faith, or abuse of discretion. So long as the discretion is fairly and honestly exercised, the court will not deprive a trustee of the

power which he possesses or assume the exercise of it." *McCarthy* v. *Tierney*, 116 Conn. 588, 591, 165 Atl. 807; see also *Little* v. *Geer*, 69 Conn. 411, 415, 37 Atl. 1056. Because of the scope of the powers given to the trustee or trustees in the case before us, it is not unlikely that the extent to which the plaintiff will benefit from the fund might be affected by the fact that, if the decree of the Court of Probate stands, those powers will be vested solely in Greenberg, whereas, if the true will be as she claims, she will be the sole trustee. She has therefore such a pecuniary interest as beneficiary of the trust that she may properly claim to be aggrieved by the decree within the meaning of the statute.

The trial court was correct in granting the motion to dismiss the appeal in so far as the plaintiff sought to take it in her capacity as executor or trustee, but was in error in granting it in so far as she sought to take it in her individual right as a beneficiary under the trust.

There is error, the judgment is set aside and the case remanded to be proceeded with according to law.

In this opinion the other judges concurred.