ARTHUR T. O'LEARY *v.* EUGENE J. McGUINNESS ET AL., EXECUTORS (ESTATE OF KATHERINE E. PRICE)

BROWN, C. J., BALDWIN, INGLIS, O'SULLIVAN and CORNELL, JS.

Argued May 12—decided June 23, 1953

*William C. Strong,* with whom was *Jack H. Courage,* for the appellant (plaintiff).

*William H. Timbers,* with whom were *Morgan P. Ames* and, on the brief, *Raymond E. Hackett,* for the appellees (defendants).

*Bernard Glazer* and *John T. Fitzpatrick,* with whom, on the brief, was *David Goldstein,* appeared as amici curiae.

INGLIS, J.  The plaintiff, individually and as executor and trustee under the will of Katherine E. Price, appealed from so much of the decree of the Probate Court for the district of Greenwich as admitted to probate a purported codicil to that will.  The trial court sustained a plea to the jurisdiction and rendered judgment dismissing the appeal on the ground that the plaintiff is not a person aggrieved by the decree.  From that judgment this appeal has been taken.

By the thirteenth and fourteenth articles of the will, set forth in full in the footnote,[1] the testatrix bequeathed her residuary estate "to my executors hereinafter named," to be paid by them to such charities as they in their absolute discretion shall unanimously select or in "the event that my charitable purpose, as above stated, fails" then to the executors or the survivor of them absolutely, "con-

---

[1] "THIRTEENTH:  All the rest, residue and remainder of my estate, real and personal, I give, devise and bequeath to my executors hereinafter named, by them to be paid or applied to such charitable uses, (religious, educational, etc.) as my said executors, unanimously, from time to time, in their absolute discretion, shall decide, select, appoint and designate.  Such selections of such charitable beneficiaries may be evidenced by designations signed by both of my said executors and, if practicable, filed in the appropriate court.  In said selections my said two executors must act unanimously.  I direct that, unless both of my said executors die or become unable to act, there shall be no appointment of any person or corporation to act with them or with any one of them.

"FOURTEENTH:  In the event that my charitable purpose, as above stated, fails in whole or in part, I give, devise and bequeath my residuary estate to my said two executors or the survivor of them, absolutely and forever, confident that they or he will carry out my wishes in the charitable disposition of my estate."

fident that they . . . will carry out my [charitable] wishes." The executors named, in the nineteenth article of the will, are the plaintiff and Bishop Eugene J. McGuinness. By the terms of the codicil, executed nearly a year after the will, the testatrix substitutes Bishop McGuinness, Charles S. Reilley, Carleton F. Bain and The Greenwich Trust Company as executors and modifies the thirteenth article of her will by adding the proviso that only such charities may be selected as are organizations gifts to which are deductible under the federal estate tax law. The codicil also provides that the selection may be made by "a majority of the then acting individual Executors." The fourteenth article of the will is canceled.

Section 7071 of the General Statutes authorizes appeals from probate decrees to the Superior Court only by persons who are aggrieved. If an appellant is not one who is actually aggrieved by the decree, the Superior Court has no jurisdiction of the subject matter of the appeal. *Weidlich* v. *First National Bank & Trust Co.,* 139 Conn. 652, 656, 96 A.2d 547; *Palmer* v. *Reeves,* 120 Conn. 405, 409, 182 A. 138. To be aggrieved, a person must have an interest in the estate which has been adversely affected by the decree. *Feigner* v. *Gopstein,* 139 Conn. 738, 741, 97 A.2d 267; *Exchange Buffet Corporation* v. *Rogers,* 139 Conn. 374, 377, 94 A.2d 22; *Dickerson's Appeal,* 55 Conn. 223, 229, 10 A. 194, 15 A. 99. In determining whether an appellant has a grievance, however, the question is whether there is a possiblity, as distinguished from a certainty, that some legally protected interest which he has in the estate has been adversely affected. *Buckingham's Appeal,* 57 Conn. 544, 545, 18 A. 256; *Mallory's Appeal,* 62 Conn. 218, 222, 25 A. 109; 1 Locke & Kohn, Conn. Probate Practice, p. 384.

To resolve the issues now presented, therefore, we are not called upon to construe the will with any degree of finality. We are concerned only with the possibilities as delineated by the claims of the plaintiff. Consequently, for the purposes of this case, but of this case only, we must give the provisions of the will the interpretation which is most favorable to the claims made by the plaintiff.

The claim of grievance made by the plaintiff in the case at bar is threefold. First, he claims that the charitable organizations which would have been selected under the thirteenth article of the will by him and Bishop McGuinness will be deprived of their bequests if the codicil is probated and that it is his duty as trustee to protect the interests of those organizations. Second, as an alternative to the first claim, he contends that, if the direction to select charities contained in the thirteenth article is to be construed as merely precatory, he takes a personal bequest under that article which would be extinguished by the codicil. Third, he says that he has a contingent personal interest by virtue of the provisions of the fourteenth article to the effect that in the event of the failure of the charitable bequests made in the thirteenth article at least one-half of the residue goes to him, and that that personal interest would be wiped out by the codicil. In the view of the case which we take, it is necessary to consider only the first of these claims.

The thirteenth article of the will creates a charitable trust. The legal title is devised and bequeathed to "my executors hereinafter named," who are the plaintiff and Bishop McGuinness. With the legal title in them, the beneficial interest is given to charities to be selected by them. Such a gift creates a trust even though the word trust is not contained in it.

*FitzGerald* v. *East Lawn Cemetery, Inc.,* 126 Conn. 286, 289, 10 A.2d 683; *Shannon* v. *Eno,* 120 Conn. 77, 81, 179 A. 479. A charitable trust which leaves the selection of beneficiaries to the trustee is valid. General Statutes § 6883.

The charities which would take under the will would be only those selected by the two trustees acting in unanimity. The trustees' discretion in making the selections is absolute. Consequently, the effect of the thirteenth article is to bequeath all of the residue of the estate to only those charities that can be agreed upon by both trustees. It is apparent that if the codicil becomes operative the situation will be materially changed. By the codicil all charities which are not exempt from the federal estate tax are made ineligible to participate in the distribution. This might well result in the exclusion of some charitable use which would have been designated by the plaintiff and Bishop McGuinness. Furthermore, it is quite likely that some charities upon which the plaintiff and Bishop McGuinness could agree would not be the ones selected by a majority of the executors and trustees named in the codicil, of whom Bishop McGuinness is only one. It follows that there may be certain charities which would be given an interest in the estate by the thirteenth article of the will but would not be given an interest by the codicil. The interest of those charities has been adversely affected by the decree admitting the codicil to probate. *Spencer's Appeal,* 122 Conn. 327, 332, 188 A. 881.

One serving in a fiduciary capacity has a standing to appeal from any decree which adversely affects the interests of those for whom he is acting, if it is a part of his duty to protect those interests. *Feigner* v. *Gopstein,* 139 Conn. 738, 742, 97 A.2d 267; *Hennessy* v. *Denihan,* 110 Conn. 646, 650, 149 A. 250;

*Gillette's Appeal,* 82 Conn. 500, 501, 74 A. 762. Although in *Waterbury Trust Co.* v. *Porter,* 130 Conn. 494, 499, 500, 35 A.2d 837, the question was whether a fiduciary might appeal from a judgment of the Superior Court, what we said there applies with equal force to appeals from probate: "One who is a party to an action in a representative capacity may have a right to appeal even though he has no personal interest in the controversy, if it is his duty to do so in order to protect the interests of those whom he represents. . . . In any action where a judgment has been rendered which will result in the destruction of the trust or the depletion of the trust fund, a trustee has in his representative capacity such an interest that he may properly claim to be aggrieved."

The question in the present case, in view of the plaintiff's claims, comes down, therefore, to this: Is it the duty of the plaintiff, as trustee for the various charities which he and his cotrustee would select, to protect the interests of those charities against extinguishment by the probating of the codicil? In the first place, it should be pointed out that no answer to this question is provided by either *Avery's Appeal,* 117 Conn. 201, 203, 167 A. 544, or *Spencer's Appeal,* 122 Conn. 327, 331, 188 A. 881, the cases relied upon by the defendants. In *Avery's Appeal,* we held that an administrator had no standing to appeal from a probate decree removing him and admitting to probate a later discovered will. This was put upon the ground that (p. 204) "persons as to whom a right of appeal is recognized are those who are acting in a fiduciary or representative capacity under a subsisting appointment which has not been terminated, by revocation or otherwise, and who therefore are under present duty to protect the estate from diversion. . . . In the present instance the ap-

pellant had been displaced as administrator by a decree, revoking his appointment, which was not suspended or vacated by the appeal from it. . . ." In this regard, an administrator who owes his very existence as such to his appointment by the Probate Court is in quite a different position from that of a trustee having powers like those granted to the plaintiff under the present will. In *Spencer's Appeal,* supra, we held that an executor and trustee under an earlier will was not aggrieved by the probate of a later will, but that was because the same beneficiaries received the same bequests in both of the wills. The persons whom the executor and trustee represented were not aggrieved.

The authorities are in conflict on the question whether an executor named in an earlier will is in a position to contest the admission to probate of a later will where, under the law, a person must be "aggrieved" in order to make such a contest. 2 Page, Wills (Lifetime Ed.) p. 162. That, however, is quite a different question from the one now before us. An executor has only the authority to take the assets of the estate into his possession and administer them to the point of distribution. A trustee named in an earlier will not only receives his appointment by virtue of the will, if and when it is determined that it is the last will of the decedent, but is bequeathed the legal title to the trust res. In that respect he is in the same position as any legatee. See *Cornwall* v. *Todd,* 38 Conn. 443, 445. A legatee under an earlier will may appeal from the admission of a later one. *Buckingham's Appeal,* 57 Conn. 544, 545, 18 A. 256; *Spencer's Appeal,* supra, 333. For this reason, even in jurisdictions which hold that an executor has no right to contest a later will, it is uniformly held that a trustee is aggrieved by the probate of a later will

which adversely affects his cestuis que trustent. *Reed* v. *Home National Bank,* 297 Mass. 222, 223, 8 N.E.2d 601; *Johnston* v. *Willis,* 147 Md. 237, 243, 127 A. 862; *In re Rogers,* 15 N.J. Super. 189, 202; note, 112 A.L.R. 659; 2 Page, op. cit., p. 163.

The law, therefore, is well settled that a trustee under a will has a duty to protect the interests of the beneficiaries of the trust. Where those interests are adversely affected by a later will or codicil, he is aggrieved by a probate decree allowing the later will or codicil so that he may appeal therefrom. A trustee of a charitable trust has a special duty to protect the interests of the beneficiaries because the real beneficiaries are unascertainable and therefore unable to protect themselves. *Averill* v. *Lewis,* 106 Conn. 582, 591, 138 A. 815. The plaintiff is a trustee who is in that position. It can make no difference that the attorney general may also have the right of appeal, as suggested by the defendants. That does not relieve the plaintiff of his duty. His is the primary obligation. The trial court was in error in concluding that it was without jurisdiction to hear the appeal.

There is error, the judgment is set aside and the case is remanded with direction to overrule the plea to the jurisdiction and then to proceed in accordance with law.

In this opinion the other judges concurred.