BURTON L. ZEMPSKY'S APPEAL FROM PROBATE
(3440)

HULL, SPALLONE and DALY, Js.

Argued January 17—decision released March 25, 1986

*Karen F. Tross,* with whom, on the brief, was *Ira B. Grudberg,* for the appellant (plaintiff).

*Irving H. Perlmutter,* with whom was *Matthew G. Galligan,* for the appellees (defendants).

HULL, J. This case, which is a companion case to *Hall v. Dichello Distributors, Inc.,* 6 Conn. App. 530, 506 A.2d 1054 (1986), raises the question of whether the trial court erred by holding that the plaintiff, a coexecutor and cotrustee under a decedent's will lacked the aggrievement necessary to appeal from the Probate Court's action revoking that will and admitting to probate a later will in which the decedent named a different fiduciary. Under the circumstances of this case, we find no error.

John F. Dichello of Wallingford died on July 21, 1979. His will dated September 2, 1975, and a February 14, 1979 codicil were admitted to probate on August 16, 1979. In accordance with the will, the plaintiff, Burton L. Zempsky, a business associate of the decedent, and the decedent's son, John F. Dichello, Jr., were named coexecutors of the will and cotrustees of a testamentary trust created in the will. From August 16, 1979, to April 2, 1984, the plaintiff, as a cofiduciary, paid federal and state taxes, made distributions to the beneficiary legatees and submitted an interim account which was approved by the court.

On March 15, 1984, Mildred Dichello, widow of the decedent, and Gloria Dichello Hall, his daughter, offered a will dated December 26, 1975, for probate. There were three differences between the September, 1975 will and the December, 1975 will: (1) the December will named Gloria Dichello Hall sole executrix and trustee; (2) the December will eliminated a requirement contained in the September will, that the wife of the decedent be consulted about the voting of any closely

held corporation stock; and (3) the December will omitted an interdiction against commingling funds of separate trusts contained in the September will.

Zempsky objected to the admission of the December will. His cofiduciary, John Dichello, Jr., did not oppose the December will, nor did he join in Zempsky's appeal to the Superior Court. The Probate Court, in spite of Zempsky's opposition, rendered a decree revoking the September 2, 1975 will and admitting the December will. In accordance with the December will, the Probate Court revoked the appointment of the former cofiduciaries and named Gloria Dichello Hall as sole executrix and trustee.

On April 18, 1984, Zempsky appealed these decrees of the Probate Court to the Superior Court. Mildred Dichello and Gloria Dichello Hall moved to dismiss the appeal on the ground that Zempsky did not allege that he was aggrieved by the decrees as required to appeal under General Statutes § 45-288,[1] nor could his aggrievement be determined from the face of the records of the Probate Court proceedings so as to entitle him to appeal under General Statutes § 45-293.[2] The court granted the motion to dismiss, reasoning that to prosecute an appeal from probate, a plaintiff must be aggrieved by the decree, and that the aggrievement must appear in the motion to appeal or on the face of the Probate Court proceedings and records. The court found that the plaintiff had not met these requirements and, accordingly, it concluded that the Superior Court

---

[1] General Statutes § 45-288 provides in pertinent part as follows: "Any person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the superior court for the judicial district in which such court of probate is held. . . ."

[2] General Statutes § 45-293 provides: "In each appeal from probate or from the actions of commissioners, the interest of the appellant shall be stated in the motion for appeal, unless such interest appears on the face of the proceedings and records of such court of probate."

had no subject matter jurisdiction over the appeal. On the basis of these findings and this conclusion, the court granted the defendants' motion to dismiss. Zempsky appealed from the resulting judgment claiming the trial court erred in finding that he lacked aggrievement.

To prosecute an appeal from a Probate Court decree, the plaintiff must be aggrieved by that decree. General Statutes § 45-288; *Gaucher* v. *Estate of Camp,* 167 Conn. 396, 400, 355 A.2d 303 (1974). The plaintiff's interest must appear in the motion to appeal or on the face of the proceedings and records. General Statutes § 45-293; *Merrimac Associates, Inc.* v. *DiSesa,* 180 Conn. 511, 516, 429 A.2d 967 (1980). If it does not appear from these documents that the plaintiff is aggrieved, the Superior Court has no subject matter jurisdiction over the appeal, and it is, therefore, subject to dismissal. Practice Book § 143 (1); *Hartford Kosher Caterers, Inc.* v. *Gazda,* 165 Conn. 478, 483, 338 A.2d 497 (1973); *Kerin* v. *Goldfarb,* 160 Conn. 463, 467, 280 A.2d 143 (1971).

The plaintiff does not claim that he alleged aggrievement. He claims, rather, that there were sufficient facts on the face of the probate record demonstrating his interest to satisfy the provisions of General Statutes § 45-293. In support of this claim, the plaintiff relies almost entirely on a statement in *Avery's Appeal,* 117 Conn. 201, 203–204, 167 A. 544 (1933), that "[i]t is also the duty of the executor named in a will to present it for probate and endeavor to procure its admission, and this includes a right of appeal from a decision of the Court of Probate refusing to admit it . . . ." The plaintiff argues that it would be inconsistent if the executor of a will has the right to appeal the Probate Court's refusal to admit the will, but has no right to appeal that court's order revoking admission of the will. He also claims that the weight of authority in other jurisdictions recognizes such a right.

The plaintiff's arguments fly in the face of strong Connecticut authority. The general rule in Connecticut has been stated clearly in *Avery's Appeal,* supra. In *Avery,* the Probate Court admitted a decedent's will and thereby revoked Avery's earlier appointment as administrator. Avery appealed under General Statutes (Rev. to 1930) § 4990 which allowed "[a]ny person aggrieved by any order denial or decree of a court of probate in any matter . . ." to appeal to the Superior Court. The issue before the court was, therefore, whether a person removed as an administrator because of the admission to probate of a later will was aggrieved within the meaning of the statute by the decree which admitted that will. The court concluded that "persons as to whom a right of appeal is recognized are those who are acting in a fiduciary or representative capacity under a subsisting appointment *which has not been terminated, by revocation or otherwise,* and who therefore are under present duty to protect the estate from diversion. *Smith* v. *Sherman,* 58 Mass. 408 [1819]." (Emphasis added.) *Avery's Appeal,* supra, 204–205.

The court then analogized to *Cairns* v. *Donahey,* 59 Wash. 130, 109 P. 334 (1910). In that case, a Washington Probate Court admitted a will which revoked previously granted letters of administration. The party who had been superseded as administrator was held not to be entitled to appeal from the order. Our Supreme Court, in reaching its decision in *Avery,* quoted with approval the Washington Supreme Court's decision in *Cairns:* "We fail to understand how the administrator has any interest in the subject-matter of this appeal, or how he is injuriously affected by the final order entered. He has no interest in the estate other than for compensation that may be due him."[3] *Avery's Appeal,* supra, 205–206, quoting *Cairns* v. *Donahey,*

---

[3] The *Avery* court also held that one who has a present pecuniary interest which the decree affects injuriously is within the statute; *Avery's Appeal,*

supra, 133; see also *Gaucher* v. *Estate of Camp,* supra, 401; *Spencer's Appeal,* 122 Conn. 327, 331–32, 188 A. 881 (1937).

The plaintiff attempts to get around the well settled rule of *Avery's Appeal,* supra, and its progeny by relying on *O'Leary* v. *McGuinness,* 140 Conn. 80, 98 A.2d 660 (1953). In *O'Leary,* the testatrix bequeathed her residuary estate to her executors and directed them to pay the residue to any charities they could select unanimously. She named the plaintiff and Bishop Eugene J. McGuinness as trustees and executors. By the terms of the codicil to the will, the testatrix, while retaining Bishop McGuinness, substituted two individuals and a bank as executors in the plaintiff's stead and modified the will by adding the proviso that the only charities that could be selected were organizations to which gifts were deductible under federal estate tax law. The codicil also provided that the selection of the recipient be made by a majority of the executors. Id., 83. The plaintiff, as executor and trustee under the original will, appealed to the Superior Court from the decree of the Probate Court admitting the codicil to the will. The Superior Court dismissed the appeal on the ground that the plaintiff was not a person aggrieved by the decree and the plaintiff appealed to the Supreme Court.

The Supreme Court, in analyzing the plaintiff's claim, made a distinction between aggrievement of an executor and a trustee. "The authorities are in conflict on the question whether an executor named in an earlier will is in a position to contest the admission to probate of a later will where, under the law, a person must be 'aggrieved' in order to make such a contest. 2 Page, Wills (Lifetime Ed.) p. 162. That, however, is quite a

117 Conn. 201, 296, 167 A. 544 (1933); but distinguished deprivation of future compensation as not providing aggrievement. Id. Zempsky, however, made no claim of any pecuniary loss in this case.

different question from the one now before us. An executor has only the authority to take the assets of the estate into his possession and administer them to the point of distribution. A trustee named in an earlier will not only receives his appointment by virtue of the will, if and when it is determined that it is the last will of the decedent, but is bequeathed the legal title to the trust res. In that respect he is in the same position as any legatee. See *Cornwall* v. *Todd,* 38 Conn. 443, 445 [1871]. A legatee under an earlier will may appeal from the admission of a later one. *Buckingham's Appeal,* 57 Conn. 544, 545, 18 A. 256 [1889]; *Spencer's Appeal,* supra, 333. For this reason, even in jurisdictions which hold that an executor has no right to contest a later will, it is uniformly held that a trustee is aggrieved by the probate of a later will *which adversely affects his cestuis que trustent. Reed* v. *Home National Bank,* 297 Mass. 222, 223, 8 N.E.2d 601 [1937]; *Johnston* v. *Willis,* 147 Md. 237, 243, 127 A. 862 [1925]; *In re Rogers,* 15 N.J. Super. 189, 202, [83 A.2d 268 (1951), modified, 13 N.J. 508, 100 A.2d 527 (1953)]; note, 112 A.L.R. 659; 2 Page, op. cit., p. 163.'' (Emphasis added.) *O'Leary* v. *McGuinness,* supra, 87–88.

The court noted that the issue of whether a *trustee* had the duty of protecting the interest of beneficiaries named in a will against extinguishment by the admission to probate of a codicil had not been answered by *Avery's Appeal,* supra, which merely held that a displaced administrator lacked aggrievement. Discussing *Avery,* the court commented on the distinctions between the cases: ''an administrator who owes his very existence as such to his appointment by the Probate Court is in quite a different position from that of a trustee having powers like those granted to the plaintiff under the present will. In *Spencer's Appeal,* supra, we held that an executor and trustee under an earlier will was not aggrieved by the probate of a later will,

but that was because the same beneficiaries received the same bequests in both of the wills. The persons whom the executor and trustee represented were not aggrieved." *O'Leary* v. *McGuinness,* supra, 87.

In *O'Leary,* the Supreme Court relied on *Waterbury Trust Co.* v. *Porter,* 130 Conn. 494, 35 A.2d 837 (1944), for the proposition that " '[i]n any action where a judgment has been rendered which will result in the destruction of the trust fund, a trustee has in his representative capacity such an interest that he may properly claim to be aggrieved.' " *O'Leary* v. *McGuinness,* supra, 86, quoting *Waterbury Trust Co.* v. *Porter,* supra, 499–500. The Supreme Court emphasized that, in determining whether an appellant has been aggrieved, the question is whether there is a possibility, as distinguished from a certainty, that some legally protected interest which he had in the estate has been adversely affected. *O'Leary* v. *McGuinness,* supra, 83.

The court concluded that it "is well settled that a trustee under a will has a duty to protect the interests of the beneficiaries of the trust. Where those interests are *adversely affected by a later will or codicil,* he is aggrieved by a probate decree allowing the later will or codicil so that he may appeal therefrom." (Emphasis added.) *O'Leary* v. *McGuinness,* supra, 88.

The plaintiff in this case claims that there is a possibility that some interest of the beneficiaries of the two trusts might be adversely affected by the admission of the December will. To support this claim the plaintiff points to two insignificant changes in the later will. The first is the omission from the December will of a precatory provision in which the decedent expressed his desire that his widow be consulted in the sale of any closely held stock. The other provision found only in the September will proscribed commingling of separate trust funds in investments whereas the comparable pro-

vision in the December will allowed the fiduciary more latitude. Even noting these changes, it is readily apparent that the December will is substantially the same as the September will. The only important distinction is the change in fiduciaries. The beneficiaries of the trust are the same under both wills. Accordingly, the admission of the December will did not materially change the situation.[4]

An additional factor distinguishes this case from *O'Leary.* The Supreme Court in that case reasoned that if the codicil were to become operative, the situation would be materially changed because some charities on which the plaintiff and Bishop McGuinness could agree would not be the ones selected by a majority of the executors and trustees named in the codicil. Thus, the interests of those charities had been adversely affected by the decree admitting the codicil to probate. Yet the beneficiaries were not determined, and accordingly, could not contest admission of the codicil on their own behalf. If their interests were to be protected at all, the trustee was the only party in a position to do it. The court therefore concluded that, as a trustee, it was the plaintiff's duty to protect the interests of those organizations. The beneficiaries here do not question the provisions of the December will. Here, the beneficiaries can protect their own interests. The Supreme Court in *Avery's Appeal,* 117 Conn. 201, 206, 167 A. 544 (1933), aptly summed up the situation in this case when it stated: "we cannot recognize any duty and right in the appellant to contend, by appeal, against the will, on behalf of heirs who so far as appears were quite capable and competent to protect themselves had their interests dictated such a course."

---

[4] The plaintiff, Burton Zempsky, averred in his brief in the companion case of *Hall* v. *Dichello Distributors, Inc.,* 6 Conn. App. 530, 506 A.2d 1054 (1986), that the only difference between the two wills is the fiduciaries.

''The concept of standing, as presented by the question of aggrievement, 'is a practical and functional one designed to assure that only those with a genuine and legitimate interest can appeal an order of the Probate Court.' '' *Merrimac Associates, Inc.* v. *DiSesa,* 180 Conn. 511, 516, 429 A.2d 967 (1980). The plaintiff does not have such an interest.

There is no error.

In this opinion the other judges concurred.

