ISSUE
Whether the court should grant the defendant's motion to strike because the court lacks subject matter jurisdiction over this action.
FACTS
The following facts are alleged in the plaintiffs' Reasons of Appeal, #108. The plaintiffs, Joseph E. Massini and Reba E. Miner, allege that they are aggrieved by the order and decree of the Probate Court for the District of Old Saybrook appointing the defendant, Anita Massini, executrix of the estate of the decedent Joseph Massini. The Plaintiffs are the adult children of the decedent and the decedent's late first wife and are beneficiaries under the decedent's will. The defendant was the second wife of the decedent until the decedent's death.
The plaintiffs further allege that the defendant and the decedent held, prior to the decedent's death, bank accounts with rights of joint survivorship (the "joint accounts") with a value in excess of $152,000.00. According to the terms of the decedent's will, the plaintiffs and the defendant are entitled to equal one-third shares CT Page 5353 of the decedent's residuary estate. The decedent intended that the proceeds of the joint accounts would pass, upon his death, according to the terms of his will. The defendant now claims sole ownership of the proceeds of the bank accounts and has not listed them in the inventory of the estate.
The plaintiffs allege that the defendant may have exercised undue influence or committed fraud in order to prevent the decedent from changing the form of ownership of the joint accounts in order to prevent the proceeds of the joint accounts from passing under the terms of the will. The plaintiffs further allege that the decedent mistakenly believed that the joint accounts would pass under the terms of his will and that this mistake of fact or law is such that the executrix should not retain the proceeds of the joint accounts in her own right but as a trustee for the estate. The plaintiffs also allege that the defendant has a personal interest in the joint accounts which impermissibly conflicts with her duties as a fiduciary of the decedent's estate. The plaintiffs request that the defendant be replaced by a substitute fiduciary.
The defendant moves to strike the appeal on the ground that the court lacks subject matter jurisdiction over it. The defendant notes that the Probate Court does not have jurisdiction over property held jointly with rights of survivorship. The defendant argues that neither the Probate Court nor a fiduciary appointed by the Probate Court has jurisdiction over the joint accounts in question. Accordingly, the defendant concludes that the order which the plaintiffs are appealing from had no effect upon the joint accounts.
DISCUSSION
 [O]nce the question of lack of jurisdiction of a court is raised, "[i]t must be disposed of no matter in what form it is presented." Carten v. Carten, 153 Conn. 603, 610, 219 A.2d 711
(1966), [citations omitted] and the court must "fully resolve it before proceeding further with the case." Valley Cable Vision Inc. v. Public Utilities Commission, 175 Conn. 30, 32, 392 A.2d 485 (1978) [citations omitted.]
Castro v. Viera, 207 Conn. 420, 429, 541 A.2d 1216 (1988). The thrust of the defendant's argument is that the plaintiffs are not aggrieved by the order which they have appealed from.
 Thus, the question upon the filing of a motion to strike an appeal in a probate matter upon the ground of aggrievement is, assuming the truth of the allegations in the motion to appeal, whether those facts are sufficient, as a matter of law, to constitute aggrievement under the statute. If the allegations are sufficient, the court should proceed to determine in the course CT Page 5354 of the appeal whether the plaintiff has proved the truth of his allegations. See Hartford Kosher Caterers, Inc. v. Gazda, 165 Conn. 478, 483-84, 338 A.2d 497 (1973).
Merrimac Associates, Inc. v. DiSesa, 180 Conn. 511, 513 n. 3,429 A.2d 967 (1980).
 "To prosecute an appeal from a Probate Court decree, the plaintiff must be aggrieved by that decree. General Statutes Sec. 45-288 [now General Statutes (Rev. to 1991) Sec. 45a-186.]" Zempsky's Appeal from Probate, 6 Conn. App. 521, 524, 506 A.2d 1050, cert. denied, 200 Conn. 808, 512 A.2d 231 (1986). "[T]he existence of aggrievement depends upon `whether there is a possibility . . . that some legally protected interest which [an appellant] has in the estate has been adversely affected.' O'Leary v. McGuinness, 140 Conn. 80, 83, 98 A.2d 660 (1953)." The trial court determines the existence of aggrievement as a matter of fact. Id., 513.
Bradley's Appeal from Probate, 19 Conn. App. 456, 468,563 A.2d 1358 (1989).
"`The issue of whether [a party] was aggrieved under Sec. 45-288
by the actions of the Probate Court is to be distinguished from the question of whether, on a review of the merits, it will prevail. To examine the present issue the two parts of aggrievement need to be considered: (1) the nature of the appellant's interest; and (2) the adverse effect, if any, of the Probate Court's decision on that interest.' Hartford Kosher Caterers, Inc. v. Gazda, supra, 485." Baskin's Appeal from Probate, 194 Conn. 635, 638,484 A.2d 934 (1984).
Erisoty's Appeal from Probate, 216 Conn. 514, 520,582 A.2d 760 (1990). The burden is on the appellants to establish aggrievement. Weill v. Lieberman, 195 Conn. 123, 124-25,486 A.2d 634 (1985).
Ordinarily, the beneficiaries under the will of a testator may petition the Superior Court to remove the executor or executrix of the testator's estate because of a conflict of interest on the part of the executor or executrix. Ramsdell v. Union Trust Co.,202 Conn. 57, 58, 60-61, 63, 519 A.2d 1185 (1987); see General Statutes (Rev. to 1989) Sec. 45-263 (a), now General Statutes (Rev. to 1991) Sec. 45a-242. The Ramsdell court stated that:
 An important aspect of an executor's fiduciary responsibility is the duty to maintain an undivided loyalty to the estate. Corey v. Corey, 120 Minn. 304, 310, 139 N.W. 509 (1913); [citations omitted.] "One interested in an estate has the right to have its representative wholly free from conflicting personal CT Page 5355 interests. . . ." Corey v. Corey, supra. When the executor of an estate places itself in a position where its interests conflict with those of the estate, the executor's ability to represent fairly the interests of the estate is irreparably tainted. "When [such] a situation appears . . . it is the positive duty of the court to remove the executor . . . ." Davis v. Roberts, 206 Mo. App. 125, 129, 226 S.W. 662 (1920).
Ramsdell v. Union Trust Co., supra, 65. The allegations that the proceeds of the joint accounts properly belong in the estate place the executrix in a position where her personal interests conflict with those of the estate. The plaintiffs have demonstrated that there is a possibility that some legally protected interest which they have in the estate has been adversely affected.
CONCLUSION
The court denies the motion to strike because the court has subject matter jurisdiction over the action.