[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff, Robert Drewelus, is the son of the ward, Ann Drewelus (ward), and of the decedent, Frank Drewelus (decedent). The plaintiff's sister, Sharon Drewelus, lived with the ward from April, 1998 to March, 1999 in the family homestead at 12 Catalina Drive, Ansonia. In November, 1998, the ward quitclaimed the homestead to Sharon. The second piece of real estate involved in this litigation is commercial property located at 41 Bridge Street, Ansonia. Beginning in 1987, the decedent had held a number of mortgages on the property. Between 1995 and 1998, Sharon refinanced mortgages and purchased mortgages on this property. In December, 1998, Sharon sold the property to a third party and became the mortgagee of a purchase money mortgage on the property.
In February, 2000, Nicole Levine, in her capacity as conservator of the ward and her estate, filed a complaint and an application for a prejudgment remedy against Sharon. In her complaint, Levine alleged, inter alia, that Sharon wrongfully applied large amounts of the ward's assets for personal benefit and thus, as a fiduciary who had control of the ward's monies, stocks, bonds, assets, and real estate, had breached her fiduciary duty to the ward; Sharon wrongfully refused to convey these assets and funds to the plaintiff as conservator; and Sharon knowingly made false and misleading representations to the ward with the intent to deceive her and induce the ward to rely upon her. In her application for a prejudgment remedy, Levine sought to attach the family homestead; garnish all bank accounts where Sharon had money on deposit; and obtain an order restraining Sharon from transferring or otherwise disposing of the family homestead and bank accounts pending an adjudication of Levine's claims. CT Page 1908
On March 21, 2001, the Probate Court for the district of Derby ordered that Sharon retain ownership of the family homestead in consideration for the improvements she made to the homestead and the care she provided to the ward while living with the ward. The court also ordered Sharon to assign ownership of the purchase money mortgage for another piece of real estate to the decedent's estate, and did not require Sharon to pay back any funds collected from the purchase money mortgage prior to the granting of the Prejudgment Remedy in May, 2000.
On May 7, 2001, the plaintiff filed the present two appeals of the order of the Probate Court. One appeal is in the matter of the ward's estate (Docket No. 01-0074260) and the other appeal is in the matter of the decedent's estate (Docket No. 01-0074261).[1] The appeals allege that the plaintiff is an aggrieved party b6cause the Probate Court failed to protect the interest of the plaintiff, as ultimate beneficiary of the decedent's estate and of the ward's estate. The appeals also allege that the court did not act in the best interests of the decedent's estate because the court did not require the reimbursement of money prior to the attachment of a pre-judgment remedy, and allowed the transfer of assets to Sharon while the ward was incompetent. The plaintiff also alleges that the court failed to act in the best interests of the ward and her estate by not requiring Sharon to reimburse money collected on the purchase money mortgage, and other transfers of assets.
On August 7, 2001 and September 6, 2001, the defendant, Nicole Levine, who had been appointed conservator of the ward and her estate and successor fiduciary for the decedent's estate, filed the present motions to dismiss the plaintiff's appeals for lack of subject matter jurisdiction on the ground that the plaintiff fails to allege sufficient facts to demonstrate that he is an aggrieved party. On October 1, 2001, the plaintiff filed a memorandum of law in opposition to the motions to dismiss the appeals.
"A motion to dismiss tests, Inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622,624, 461 A.2d 991 (1983). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter." Sadloski v.Manchester, 235 Conn. 637, 645-46 n. 13, 668 A.2d 1314 (1995). It asserts that "the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991)
In his appeals from the order of the Probate Court, the plaintiff alleges that he is an aggrieved party because the Probate Court did not act in the best interests of himself, the ward and her estate, and the CT Page 1909 decedent's estate. The defendant moves the court to dismiss the plaintiff's appeals on the ground that the court lacks subject matter jurisdiction. Specifically, the defendant argues that the plaintiff fails to allege sufficient facts to demonstrate that he is an aggrieved party.
In opposition to the defendant's motions to dismiss, the plaintiff argues that he is an aggrieved party because he is an heir at law of the ward and of the decedent, and was referred to throughout the entire probate proceedings as an "interested party." Additionally, the plaintiff argues that there exist facially inappropriate actions with regard to the ward's estate and the decedent's estate, and that in sum, there is a possibility that his legally protected interests will suffer an "injurious effect."
"The right to appeal from a decree of the Probate Court is purely statutory. . . . and the requirements fixed by statute for taking and prosecuting the appeal must be met." (Citation omitted.) Bergin v.Bergin, 3 Conn. App. 566, 568, 490 A.2d 543, cert. denied, 196 Conn. 806,494 A.2d 904 (1985).[2] "To prosecute an appeal from a Probate Court decree, the plaintiff must be aggrieved by that decree. The plaintiff's interest must appear in the motion to appeal or on the face of the proceedings and records . . . If it does not appear from these documents that the plaintiff is aggrieved, the Superior Court has no subject matter jurisdiction over the appeal, and it is, therefore, subject to dismissal." (Citations omitted.) Zempsky's Appeal from Probate,6 Conn. App. 521, 524, 506 A.2d 1050, cert. denied, 200 Conn. 808,512 A.2d 231 (1986). The purpose of aggrievement is to assure that "only those parties with genuine and legitimate interests are afforded an opportunity to appeal." Buchholz's Appeal from Probate, 9 Conn. App. 413,415, 519 A.2d 615 (1987)
There are two types of aggrievement, classical and statutory. Id. "The factors involved in whether classical aggrievement exists are tempered by the subject matter of the litigation . . . Statutory aggrievement exists by legislative flat which grants an appellant standing by virtue of particular legislation, rather than by judicial analysis of the particular facts of the case. . . . A two-prong analysis is used in probate appeals to determine whether a party is classically aggrieved by a denial, decree or order of a court of probate. . . . That analysis includes a consideration of (1) the nature of the appellant's interest, and (2) the adverse effect, if any, of the Probate Court's decision on that interest." (Citations omitted; internal quotation marks omitted.) Id., 415-16. In determining whether a party is aggrieved, the relevant question is "whether there is a possibility, as distinguished from a certainty, that some legally protected interest which [the party] has in the estate has been adversely affected." (Internal quotation marks CT Page 1910 omitted.) Erisoty's Appeal from Probate, 216 Conn. 514, 519, 582 A.2d 760
(1990)
The defendant argues that the plaintiff has not pleaded sufficient facts demonstrating that he is an aggrieved party. It is true that the plaintiff is not statutorily aggrieved because there is no particular legislation that gives him standing. Buchholz's Appeal from Probate, supra, 9 Conn. App. 415-16. On the other hand, the plaintiff is classically aggrieved because there is a "possibility, as distinguished from a certainty" that his interests are being materially harmed. Erisoty's Appeal from Probate, supra, 216 Conn. 519. In his reasons for appeal, the plaintiff states that he is an ultimate beneficiary of the ward, and that the ward's estate was adversely affected when the Probate Court did not require Sharon to reimburse monies collected on the purchase money mortgage for the Bridge Street property and other transfers of assets. Because there is a possibility that Sharon took advantage of the ward's incompetency and exerted undue influence on her, making the ward divest property in a certain way, there is a possibility that the plaintiff's interest in the estate as an heir at law may be affected by the Probate Court's decree.[3] That is, the property distribution may have been different if Sharon had not been living with the ward, and the plaintiff was involved in the decision-making process. The plaintiff has alleged sufficient facts to demonstrate that there is a possibility that his interest as an heir of the ward's estate may be adversely affected by the Probate Court's decree.
There is also a possibility that the plaintiff's interest in the decedent's estate may be adversely affected by the Probate Court's decision. In his reasons for appeal, the plaintiff states that he is an ultimate beneficiary of the decedent's estate, and that the decedent's estate was harmed because the Probate Court did not require the reimbursement of money prior to the attachment of the pre-judgement remedy, and allowed the transfer of assets to Sharon when the ward was incompetent.[4] Thus, the plaintiff has also alleged sufficient facts here to demonstrate that there is a possibility that his interest as an heir of the decedent's estate may be adversely affected by the Probate Court's decree.
The defendant's motion to dismiss is denied because the plaintiff has pleaded sufficient facts to show that he is an aggrieved party, and the court therefore has subject matter jurisdiction over the case.
MORAN, J.